LOREN SNELLING, PLAINTIFF IN ERROR, V. THE STATE OF
FLORIDA, DEFENDANT IN ERROR.

1. Immaterial and irrelevant questions on cross-examination
are properly excluded upon objection duly made, and an-
swers to questions on cross-examination when immaterial
are properly stricken on motion.

2. An official court reporter for the Circuit Court under the
statutes of this State may testify in rebuttal as to evi-
dence given at a preliminary hearing before a committing
magistrate when the testimony is given independently of
any record or from memory as refreshed by a transcript
of notes taken by the witness at the preliminary hearing.

3. It is not error to refuse instructions containing propositions
already substantially given in charges though couched in
different language.

4. Where the court has given a proper charge on the subject of
reasonable doubt it is not error to refuse a requested
charge that "to justify a jury in finding a verdict of un-
lawful homicide in any of its degrees against the defen-
dant, each individual juror must be convinced from the
evidence for himself that the defendant is so guilty."

5. In a prosecution for murder it is not error to add to a charge
on the subject of self defense requested by the defendant
the following: "Provided he had used all reasonable
means within his power, consistent with his own safety,
to avert the danger and avoid the necessity of taking
P.'s life."

6. In a prosecution for murder where the question of self de-
fense was raised by the testimony the court refused to
give the following charge as requested by the defendant:
"If you should believe from the evidence that the defen-
dant was free from fault in bringing on the difficulty, and
was not the aggressor therein, and that he was assaulted
by the deceased, or by the deceased and another who were
armed with deadly weapons, and that such assault was
made under such circumstances that it reasonably appear-

ed to the defendant that an ordinarily cautious and prudent man that he was in danger of death or great bodily harm at the hands of the deceased, or of the deceased and another as aforesaid, then you are instructed that under such circumstances, it would not be incumbent upon the defendant to flee in order to avoid the difficulty or avert the necessity of taking the life of his assailant; but on the other hand under such circumstances, he might lawfully stand his ground and if assaulted by the deceased, or the deceased and  another, under the  circumstances aforesaid, then in such event, he would be justified in his acts and you would find him not guilty;" but the court did give the charge with the following  added  thereto: "Provided he had used all other reasonable means in his power, consistent with his own safety, to avert the danger and to avoid the necessity of taking P.'s life." The charge as modified and given was not  inconsistent  nor misleading, and was not error.

This case was decided by Division A.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the Court.

*Edwin R. Blow* (with whom was W. H. Price on the brief), for Plaintiff in Error.

*W. H. Ellis,* Attorney-General, for the State.

WHITFIELD, C. J.  The plaintiff in error was indicted for the murder of Wylie Pridgeon and convicted of manslaughter in the Circuit Court for Jackson county, and brings this writ of error from the judgment.

The first witness for the State at the trial testified that he, the deceased, Manuel Ham, and a woman called Janie were in the "shanty that Loren Snelling was staying in at the time," when Loren Snelling entered the shanty, asked why they were there and ordered them out; that all came out, and soon thereafter the homicide occurred. On cross-examination this witness was asked the question referring to the deceased "Do you know whether or not he had been warned by Mr. Campbell not to come there?" The bill of exceptions then recites: "To which question the State Attorney objected on the ground that the same was immaterial and irrelevant. The defendant offered to prove that the deceased was a trespasser in the house, and that he could follow it up and show that he was a trespasser, and that he was also an intruder on the place where he had been warned off, and that the deceased was unlawfully there. The court sustained the objection, to which ruling of the court the defendant excepted." Error is assigned on this ruling. On cross-examination this witness testified: "When Snelling came me and Wylie (the deceased) were looking at Janie and Manuel Ham gambling with cards." Then followed the question: "Were they gambling?" Answer, "Yes sir." The State Attorney moved to strike this answer as being immaterial. The defendant asked that it be not stricken out on the ground that it showed the motive of the defendant for ordering them from the house; that he had a right to order them from his house if they were gambling. The court sustained the motion and an exception was noted. This is assigned as error.

The court permitted the defendant to prove that deceased was a trespasser while in the house occupied by the defendant.

There was no attempt to show that the defendant had forbidden the deceased to go on Campbell's premises, or that defendant represented Campbell in respect to any warning he may have given deceased, consequently the question first above quoted was immaterial and irrelevant, and was properly excluded.

The answer to the second question above quoted was properly excluded as immaterial since it did not appear that the deceased was gambling in the house.

A witness for the defendant was by the defense asked the question: "Do you know whether or not Wylie Pridgeon (the deceased) had been forbidden to go on these premises?" An objection by the State to this question was sustained, and an exception noted. The question was not limited to the enquiry whether the defendant had lawfully forbidden the deceased to go on the premises, and it was properly excluded. The same witness was asked by the defense: "Do you know what his (deceased) business was?" and "what was his business?" The difficulty between the defendant and the deceased did not arise from discussing any business matter. These questions were clearly immaterial as the business of the deceased had no material bearing on defendant's guilt or innocence of the crime for which he was being tried, and they were properly excluded.

The State in rebuttal called a witness who testified that she was an official court reporter. She was asked by the State whether she reported the case before the committing magistrate. This question was objected to on the ground that the law providing for a court reporter does not provide for reporting cases in any court except Circuit Courts. The witness testified that she took the testimony in the case referred to in her capacity as a stenographer,

or short hand reporter generally under the direction of the judge. The objections to her testimony were that she could not under the law officially report a case in a committing magistrate's court so as to make it evidence of itself, and that she could not refresh her memory by the use of a transcript of her notes taken at the trial. There was no attempt to use the notes as evidence. The witness testified that she was able to state what the testimony was at the preliminary hearing referred to by refreshing her memory from the transcript which she made from the short hand notes taken at the time, and that it was an exact literal transcript made by her from the notes. The witness was permitted to read from the transcript, but the court afterwards ruled that this "record" be stricken out and permitted the testimony of the witness as to what the defendant testified to at the preliminary examination to remain in evidence for consideration by the jury. The testimony of the witness from memory, given independently of any record or as refreshed by the transcript of her notes, was proper testimony in rebuttal since it depended upon her knowledge and recollection and not upon the notes or transcript. The memory of the witness could be refreshed by a literal transcript made by her of the notes taken by her at the preliminary hearing. Davis v. State, 47 Fla. ..., 36 South. Rep. 170.

Exceptions were taken to charges requested by the defendant and refused by the court upon the questions of presumption of innocence, reasonable doubt, and consideration of the evidence given by the defense and by the State. These subjects were fully covered by the general charge of the court, and it was not error to refuse the charges requested.

Error is assigned on the refusal of the court to give the following charge requested by the defendant: "To justify a jury in finding a verdict of unlawful homicide in any of its degrees against the defendant, each individual must be convinced from the evidence for himself that the defendant is so guilty." The court gave a proper charge on the subject of reasonable doubt, and the refusal to give the requested charge quoted above was not error. Baldwin v. State, 46 Fla. 115, 35 South. Rep. 220; Cook v. State, 20 Fla. 46, 35 South. Rep. 665; Smith v. State, 48 Fla. ..., 37 South. Rep. 573.

Exception was taken to the refusal of the court to give a charge requested by the defendant on the subject of self defense, and also to the giving of the charge with this addition: "Provided he had used all reasonable means within his power, consistent with his own safety, to avert the danger and avoid the necessity of taking Pridgeon's life."

The defendant can not complain of a charge given at his request unless the modification of it by the court before giving it made it erroneous. The language of the modification made by the court in the proviso above quoted has been approved by this court in the case of Peaden v. State, 46 Fla. 124, 35 South. Rep. 204, and we now hold that there was no error in refusing to give the charge as requested, nor in giving the charge as modified.

The court refused to give a charge requested by the defendant, but did give it with the following added thereto: "Provided he had used all other reasonable means in his power, consistent with his own safety, to avert the danger and to avoid the necessity of taking Pridgeon's life." The charge as requested to be given is: "If you should believe from the evidence that the defendant was free from fault

in bringing on the difficulty, and was not the aggressor therein, and that he was assaulted by the deceased, or by the deceased and another who were armed with deadly weapons, and that such assault was made under such circumstances that it reasonably appeared to the defendant as an ordinarily cautious and prudent man that he was in danger of death or great bodily harm at the hands of the deceased, or of the deceased and another as aforesaid, then you are instructed that under such circumstances, it would not be incumbent upon the defendant to flee in order to avoid the difficulty or avert the necessity of taking the life of his assailant; but on the other hand under such circumstances, he might lawfully stand his ground and if assaulted by the deceased, or the deceased and another, under the circumstances aforesaid, then in such event, he would be justified in his acts and you would find him not guilty." It is contended that the charge as given, while it instructs the jury that the defendant when so assaulted is not compelled to *retreat* before he can invoke in justification for taking the life of his assailant, the right of self-defense, yet by means of the proviso added thereto, it is made the duty of the defendant, before he can rely upon self-defense for vindication of his act to use *all* reasonable means in his power, whether by retreat, withdrawing from the difficulty or otherwise, and thus that the proviso neutralizes the effect of the charge as to the duty to retreat. The bill of exceptions shows the modification contained the words "all *other* reasonable means in his power." This being so the modification of the charge was not at all inconsistent with the other portions of the charge and it was not misleading. There was, therefore, no error in refusing to give the charge as requested, nor in giving it with the modifica-

tion stated above. In disposing of this assignment of error the court does not express an opinion whether under the circumstances stated in the charge the defendant would be required to retreat if it could safely be done. If so required then the charge was too favorable to the accused, of which he could not complain; if not so required, the charge as modified fully preserves the right to act without retreating.

The evidence amply sustains the verdict.

The judgment is affirmed.

SHACKLEFORD and CARTER, JJ., concur.

TAYLOR, P. J., and HOCKER and COCKRELL, JJ., concur in the opinion.