WILLIE STAFFORD, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1.  In a prosecution for homicide instructions asked by the defendant on the subject of self defense which do not include the proposition that the defendant to justify his acts on the ground of self defense must have used all reasonable means within his power and consistent with his own safety, to avoid danger and to avert the necessity of taking the life of the deceased, a limitation which has been approved by this court in several cases, are properly refused when the charge given by the court as to self defense was full and correct under the facts of the case.

2.  In the prosecution of Willie Stafford for homicide where the acts of the participants at the beginning of the fatal encounter are shown in evidence by eye witnesses without material variance, and evidence of threats made by the deceased against the defendant eight days before the difficulty were admitted without objection, and not contradicted, other threats made by the deceased against "one of the Staffords" more than fifteen months prior to the encounter were immaterial, and it was not error to exclude testimony as to such prior threats.

This case was decided by Division A.

Writ of Error to the Circuit Court for Holmes County.

The facts in the case are stated in the opinion of the Court.

*Maxwell & Reeves,* for Plaintiff in Error.

*W. H. Ellis,* Attorney-General, for the State.

WHITFIELD, J. The plaintiff in error was convicted of manslaughter in the Circuit Court for Holmes county and to a judgment sentencing him to the State prison for seven years this writ of error was taken.

At the trial exception was taken to the refusal of the court to give each of three charges requested by the defendant as follows:

"A person upon whom a felonious assault is made is not required to retreat in order to avoid taking the life of his assailant, but if free from fault in bringing on the difficulty he may stand his ground and defend himself even to the extent of taking life, if necessary to protect himself."

"If the defendant was the aggressor in bringing on the difficulty originally but afterward he honestly abandoned the difficulty and withdrew and Jones knowing this followed the defendant up and assaulted him with a rail likely to produce great bodily harm the defendant was not required to retreat but would be justified in standing his ground and defending himself even to the extent of taking life if necessary to protect himself."

"If the defendant was not the aggressor in bringing on the difficulty in which Jones lost his life and that Jones assaulted him the defendant, with a rail likely to produce great bodily harm the defendant would be justified in standing his ground and defending himself even to the extent of taking Jones' life."

The refusal to give these charges cannot be said to be error under the facts of this case. They do not include the proposition that the defendant to justify his acts on the ground of self defense must have used all reasonable means within his power and consistent with his own safety, to avoid danger and to avert the necessity of taking the life of the deceased, a limitation which has

been approved by this court in several cases. Peaden v. State, 46 Fla. 124, 35 South. Rep. 204; Snelling v. State, 49 Fla. 34, 37 South. Rep. 917. The charge given by the court as to self defense was quite full and correct and covered the facts of the case.

Error is also assigned to the rejection by the court of evidence of threats made about fifteen months before by the deceased against "one of the Staffords" which were not shown to have been communicated to the defendant. Where as in this case, the acts of the participants at the beginning of the encounter are shown in evidence by eye witnesses without material variance, and evidence of threats made by the deceased against the defendant eight days before the difficulty were admitted without objection, and not contradicted, other threats made by the deceased against "one of the Staffords" more than fifteen months prior to the encounter were immaterial, and it was not error to exclude testimony as to such prior threats.

The evidence sustains the verdict.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, P. J., and HOCKER, J., concur in the opinion.

PARKHILL, J., being disqualified took no part in this decision.