JOSE FUENTES, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. In a prosecution for homicide instructions asked by the defendant on the subject of self-defense which do not include the proposition that the defendant to justify his acts on the ground of self defense must have used all reasonable means within his power and consistent with his own safety, to avoid danger and to avert the necessity of taking the life of the deceased, a limitation which has been approved by this court in several cases, are property refused when the charge given by the court as to self defense was full and correct under the facts of the case.

2. An instruction that in considering the testimony of witnesses, including that of the defendant, the jury will take

into consideration the interest, if any, that any witness has in the result of the trial, is not such a reference by the court to the testimony of the defendant alone as to pointedly aim at the credibility of the defendant as a witness for himself or to impress the jury with the idea that the judge questioned his credibility.

3. Where charges as to self defense are not clearly erroneous or misleading or confusing on the evidence, they will not cause a reversal of a conviction that is amply sustained by the evidence.

4. Where the defendant in a criminal trial is permitted to make illustrations before the jury, similar illustrations may in the reasonable discretion of the trial court be made by the prosecution when no positive provision or principle of law is violated, and the defendant is not clearly injured thereby.

5. Where there is substantial evidence to sustain a verdict of conviction and no reversible errors of law or procedure appear, the judgment will not be reversed.

Appealed from the Circuit Court for Pinellas County.

The facts in the case are stated in the opinion of the court.

*Macfarlane & Chancey,* for Plaintiff in Error;

*Park Trammell,* Attorney General, and *C. O. Andrews,* for the State.

WHITFIELD, C. J.—The plaintiff in error was convicted of manslaughter, and took writ of error.

There is evidence that the deceased was the aggressor in a personal difficulty with the accused, but that after the deceased had knocked the accused down on his knee, the deceased ran and the accused ran after him. When

the accused in following got within a few feet of the deceased the latter turned and knocked accused back. The accused "ran into him again, and he knocked him off that time; and then he ran into him again, and then there was a yell between them," when the deceased was fatally cut by the accused with a knife he took from the deceased in the altercation.

The refusal of the court to give the following charge is urged as error: "The court charges you that every man has the right to resist any attack made upon him and if the jury believe from the evidence in this case that the deceased, Jose Blanco, made an attack upon the defendant, Jose Fuentes, the defendant had a right to defend himself, and if the jury believe from the evidence that the defendant, as a reasonably cautious and prudent man, believed himself to be in danger of death or great bodily injury, he had the right to defend himself, even to the extent of killing his assailant, Jose Blanco, and the jury should find the defendant (under such circumstances) not guilty."

In a prosecution for homicide instructions asked by the defendant on the subject of self defense which do not include the proposition that the defendant to justify his acts on the ground of self defense must have used all reasonable means within his power and consistent with his own safety, to avoid danger and to avert the necessity of taking the life of the deceased, a limitation which has been approved by this court in several cases, are properly refused when the charge given by the court as to self defense was full and correct under the facts of the case. Stafford v. State, 50 Fla. 134, 39 South. Rep. 106; Snelling v. State, 49 Fla. 34, 37 South. Rep. 917. There was no error in refusing the requested charge.

The court gave the following charge: "In considering

the testimony of the witnesses, including that of the defendant, you will take into consideration the interest, if any, that any witness has in the result of the trial. It is your province to consider the reasonableness or unreasonableness of the testimony of any witness; the probability or improbability of his or her statement." This charge does not so refer to the testimony of the defendant alone as to make the charge error under the rule that the trial Judge should not, in his charge to the jury or otherwise, so pointedly aim at the credibility of the defendant as a witness for himself as to impress the jury with the idea that the judge, because of the defendant's interest in the case, questioned his credibility. Presley v. State, 61 Fla. 46, 54 South. Rep. 367; Hampton v. State, 50 Fla. 55, 39 South. Rep. 421.

It is insisted that the following charges were erroneously given:

"If you believe from the evidence that the deceased began a difficulty with the defendant, and after beginning the difficulty, attempted, in good faith, to get away from the defendant, and that the defendant pursued him, the defendant, then became the aggressor.

The court further charges you that if you believe from the evidence that the defendant unnecessarily killed the deceased, either while resisting an attempt by the deceased to commit any felony or to do any other unlawful act, or after such attempt, shall have failed, he is guilty of manslaughter.

The court further charges you that if you believe from the evidence that the defendant disarmed the deceased and that after he disarmed him the defendant was then surrounded by such circumstances as would not have induced in the mind of a reasonably prudent and cautious man, the honest belief that he was in imminent danger of

Fuentes v. State—Opinion of Court.

being killed or suffering great bodily harm if he did not then and there kill the deceased; and if you further believe beyond a reasonable doubt that the defendant, under such circumstances, killed the deceased, in the manner alleged in the indictment, you should convict him of manslaughter."

In view of the evidence these charges were not misleading, confusing or fatally erroneous.

Error is assigned "because the court erred in permitting the State's Attorney, over the objections of the defendant, to struggle with the defendant in the presence of the jury while the defendant was being cross-examined by the State's Attorney."

In the order contained in the bill of exceptions denying the motion for new trial, the court states that "the illustration which the State's Attorney had the defendant to make, was similar to that which defendant's counsel had the defendant to make, and in the opinion of the court was proper on the part of the State Attorney." Considering this statement of the court it cannot be said on this record that the trial court abused its discretion to the injury of the plaintiff in error in permitting the practical illustration of the alleged difficulty in which the homicide occurred.

The ninth assignment of error has no basis in the transcript of record. There is substantial evidence to sustain the verdict and no reversible errors of law are made to appear.

The judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.