JIM RUSSELL, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

Division A.

Opinion Filed February 26, 1926.

*C. P. Diamond,* for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and J. B. Gaines, Assistant, for the State.

PER CURIAM.—Jim Russell, a negro, was indicted for the murder of P. D. Williams in Taylor County on December 16, 1924, and was tried and convicted of murder in the first degree on June 26, 1925. He seeks a reversal of the judgment upon writ of error.

There are several assignments of error based upon objections made by the state attorney and sustained to questions propounded to witnesses by defendant's counsel, but the principal point presented in this case is the assignment which challenges the sufficiency of the evidence to sustain the verdict.

The evidence in the case, which is presented by a bill of exceptions which sets it out both in narrative form and in the form of questions and answers, is clearly insufficient to sustain the charge of murder in the first degree.

Our consideration of the evidence leads us to the conclusion reached by the Attorney General expressed in the brief submitted by him in this case, viz: that ''the conclusion is inescapable that the verdict returned was based upon or largely influenced by something outside the evidence.''

It is unnecessary to repeat the evidence in substance further than to say that the bill of exceptions discloses that the defendant shot and killed the deceased under circumstances which not only did not show upon defendant's part a premeditated design to kill the deceased, but which did not show the killing to have been unlawful.

The defendant arose about daylight on the morning of December 16, 1924, to go to his work. There was a heavy fog and in the early morning light objects were indistinct. As the defendant was leaving his door he saw an object which seemed to be crouching just outside the fence. The defendant re-entered the house, procured a pistol and left the house by another door, as if to evade what he had seen. As he left the house he was hailed by the deceased, who ordered the defendant to approach him. The deceased then told the defendant that he had come to collect eight dollars then or take the defendant's life. After some parley over the alleged debt the deceased asked the defendant if he had said his prayers for he was going to kill him and with that declaration drew a pistol and leveled it on the defendant, who shot and killed the aggressor.

The defendant then gave himself up to the authorities and voluntarily told them of the transaction.

There was no evidence in contradiction of the defendant's account of the transaction, but upon the other hand several circumstances brought out by the state were corroborative of it. See Holton v. State, 87 Fla. 65, 99 South. Rep. 244; Smithie v. State, 84 Fla. 498, 94 South. Rep. 156.

The judgment is reversed.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur.

WHITFIELD, P. J., AND TERRELL, J., concur in the Opinion.

BUFORD, J., disqualified.