DEWEY BROXSON, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion filed May 22, 1930.

1188

*L. V. Trueman,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant, for Defendant in Error.

ANDREWS, Commissioner:

The plaintiff in error was convicted in the circuit court of Santa Rosa County on the second count of an indictment charging him with receiving and aiding in the concealment of stolen parts of an automobile, knowing them to have been stolen, and was sentenced to serve eighteen months in the State prison. The same verdict acquitted him of the first count which charged him with the larceny of the automobile.

There are five assignments of error presented, the first and fourth of which, while improperly assigned, may be considered under the other three assignments of error.

It is contended that error was committed in sentencing the defendant to imprisonment in the State prison, as the value of the property was less than $50.00.

The first count charges the defendant with the larceny of a Ford automobile, motor number 14038844, without alleging any value, under Section 7243, Comp. Gen. Laws of Florida 1927, which makes such larceny a felony regardless of value. The second count charges defendant with

receiving and aiding in the concealment of one Ford engine block of the value of $5.00, one Ford engine numbered 14038844 of the value of $20.00, two automobile tires of the value of $5.00 each, all of the value of $30.00, well knowing said property before that had been stolen.

The jury returned a verdict:

"We the jury find the defendant guilty in second charge and not guilty in first."

The verdict is somewhat crude, but the meaning is clear.

Defendant contends that the value of the stolen property, alleged to have been received and concealed, being less than $50.00, the offense could only be a misdemeanor under Section 7224, Comp. Gen. Laws of Florida 1927, defining petit larceny; also that upon a first conviction under Section 7239, it is provided by Section 7240, that when the act of stealing the property is not by law a felony, if the party convicted of receiving or aiding in concealing of such goods makes satisfaction to the party injured to the full value of the property stolen and not restored, he shall not be imprisoned in the State prison, but may be punished as the court may direct.

While said Section 7243, Comp. Gen. Laws of Florida 1927, makes the larceny of an automobile a felony regardless of value, and defendant was found not guilty under the first count, and while the second count under which the defendant was found guilty charges defendant with receiving and aiding in concealing stolen parts of the same automobile of the value of less than $50.00; however, to receive or aid in the concealment of stolen property, knowing the same to have been stolen, of any kind or value, is made a felony under Section 7239, Comp. Gen. Laws. Though said Section 7240 provides that a first offender shall not be sentenced to the State prison if the act of

stealing the property which has been bought, received or concealed, is not a felony, where the party convicted makes satisfaction to the party injured "to the full value of the property stolen and not restored;" however, in the present case the record fails to show that defendant restored the property. It does show that defendant later paid the owner for one of the parts but there is no evidence that defendant made satisfaction to the full value of the property stolen "and not restored." The defendant failed to so bring himself within the provisions of said Section 7240 as would entitle him to a mitigation of penalty. The fact that a receiver of stolen property paid value for them is no defense. Byrd v. State, 70 Fla. 264, 70 So. R. 24.

The next two alleged errors insisted upon relate to the sufficiency of the evidence to sustain the verdict.

The second count of the indictment following the language of Section 7239, Comp. Gen. Laws of Florida 1927, charged that defendant "did receive and aid in the concealment" of certain designated stolen articles, and it was sufficient to show either that he received or that he aided in the concealment. That the property was stolen is proven by the owner, the witness Peaden and by ample circumstantial evidence. The defendant was subsequent to the larceny found in possession of identical parts of the automobile, and this leaves for consideration the only question as to whether the defendant knew that such property was stolen, or whether all the circumstances surrounding the transaction were sufficient to put him on notice and inquiry. In the case of Stephenson v. State, 89 Fla. 351, 104 So. R. 600, it was held that to sustain a conviction of one charged with receiving stolen property, the evidence must show that the accused had knowledge at the time he received it that the property in question was stolen or "that the circumstances of the transaction were sufficiently

suspicious to put a person of ordinary intelligence and caution on inquiry." Minor v. State, 55 Fla. 90, 45 So. R. 816; Franklin v. State, 66 Fla. 213, 63 So. R. 418; Knowles v. State, 86 Fla. 270, 94 So. R. 716. The circumstances under which the automobile was said by the defendant to have been found should have created ample suspicion to put any person of ordinary intelligence and caution on inquiry. The automobile had been missing for several months and it seems very unusual and suspicious that those interested in finding it had been unable to do so though a reward is shown to have been offered. Under the circumstances the jury would be fully warranted in deciding that the auto was never placed in the water until after the parts found in the possession of defendant were removed, and the fact that certain parts of the engine were rusty would not refute that conclusion. A very damaging circumstance to defendant was that while he claimed to have found the car in the river and named certain parties he claims helped him to pull the car out, yet he failed to put either of them on the stand, although he admitted that at least four of said parties were present on the day of the trial and available as witnesses. That the automobile was stolen there can be no question; and it is not necessary in an indictment charging this offense to either state the name of the thief who stole the property or the person from whom it was received, or that the names of such persons are unknown. Anderson v. State, 38 Fla. 3, 20 So. R. 765.

Ford touring cars are almost identical and it is very difficult to distinguish one from another of the same model by any casual external examination, except by the owner, and no doubt this accounts for the long time intervening between the disappearance and the arrest; but the verification by the ever present motor number can scarcely be refuted and was not in this case. The jury was ably and

carefully charged by the trial court upon the law relative to the second count of which defendant was convicted.

In passing upon the sufficiency of the evidence to support a verdict, a reviewing court is at a greater disadvantage than the trial court, for while it is possible for the transcript to contain all the "testimony" it is likewise impossible for it to contain all the "evidence." A witness' testimony, when transcribed to paper and read by one not present at the trial may be most plausible, yet the witness' manner of testifying and general demeanor on the witness stand may convince the jury and the trial court of an entire lack of credibility. The trial scene cannot be transferred to the appellate court either by drawing, written words or even by movie-tones, and in many cases the manner and demeanor of a material witness while testifying is the moving factor in the trial in reaching a verdict. In fact the trial court gave the usual charge in this case, that in considering the question of the credibility of witnesses, the jury may take into consideration the manner and demeanor of any witness on the stand, and that the jury should in arriving at their verdict use the same reason, judgment, common sense and general knowledge of men and affairs that they use in ordinary affairs of life. Tucker v. State, 64 Fla. 518, 59 So. R. 941; Fuentes v. State, 64 Fla. 64, 59 So. R. 395; Jordan v. State, 50 Fla. 94, 39 So. R. 155.

The appellate court should not disturb a verdict supported by evidence where its propriety depends on the weight of circumstantial evidence or the credibility of witnesses. Caldwell v. State, 50 Fla. 4, 39 So. R. 188; Dickens v. State, 50 Fla. 17, 38 So. R. 909; Dunaway v. State, 90 Fla. 142, 105 So. R. 816; May v. State, 89 Fla. 78, 103 So R. 115.

There being no error the cause should be affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Court below should be, and the same is hereby affirmed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM AND BROWN, J. J., concur.

BUFORD, J., dissents.