ED. SWEAT v. STATE.

176 So. 854.
Opinion Filed November 6, 1937.

*Sam B. Wilson,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

CHAPMAN, J.—Plaintiff in error, Ed Sweat, was indicted in the Circuit Court of Duval County on a charge of murder in the first degree. He was duly araigned, pleaded not guilty and when placed upon trial was convicted of manslaughter and sentenced to the State Penitentiary for a period of 18 years. He sued out writ of error and seeks a

review of the case here and urges as error first, the court erred in denying defendant's motion for a new trial.

The motion for a new trial, broadly speaking, raises the question of the legal sufficiency of the evidence to sustain the verdict of the jury.

We have considered the entire evidence as disclosed by the record and find that the trouble in question occurred at Ike's Tavern situated near the Air Port on Main Street in the suburbs of Jacksonville, Duval County, Florida, where a dance hall, beer saloon and other amusements existed. Some dispute or friction arose between the customers of this Tavern and between 3:00 and 4:00 o'clock A..M., July 19, 1936, when a free for all fight occurred in the dance hall in which the deceased was with a Black Jack beaten by plaintiff in error while he held a pistol in his other hand. Some few minutes after the fight subsided, the deceased, James Preston, while bleeding from the wounds on the head inflicted by the defendant, obtained the crank of his automobile and returned to the dance hall and was again met at the door by defendant or plaintiff in error. The witnesses for the State and the defense disagree as to what occurred between the deceased and plaintiff in error shortly prior to the shooting. Some of the witnesses state that the deceased had approached no nearer than 8 or 10 feet with the crank in his hand when the plaintiff in error fired the fatal shot, while witnesses for the plaintiff in error testified that the deceased had not only reached the steps of the porch to the entrance of the Tavern, but with the crank had struck some two or three blows at plaintiff in error when plaintiff in error fired the fatal shot. This theory of the case seemed to be corroborated by some four or five witnesses.

The evidence in the case here is conflicting and these conflicts become a question of fact for the jury under the ap-

propriate instruction, and this rule has been in effect for many years. See: May v. State, 89 Fla. 78, 103 Sou. Rep. 115.

This Court in considering the sufficiency of the evidence to sustain the verdict in the suit of Broxson v. State, 99 Fla. 1187, text page 1193, 128 Sou. Rep. 628, said:

"In passing upon the sufficiency of the evidence to support a verdict, a reviewing court is at a greater disadvantage than the trial court, for while it is possible for the transcript to contain all the 'testimony' it is likewise impossible for it to contain all the 'evidence.' A witness' testimony, when transcribed to paper and read by one not present at the trial may be most plausible, yet the witness' manner of testifying and general demeanor on the witness stand may convince the jury and the trial court of an entire lack of credibility. The trial scene cannot be transferred to the appellate court either by drawing or written words or even by movie-tones, and in many cases the manner and demeanor of a material witness while testifying is the moving factor in the trial in reaching a verdict. In fact the trial court gave the usual charge in this case, that in considering the question of the credibility of witnesses, the jury may take into consideration the manner and demeanor of any witness on the stand, and that the jury should in arriving at their verdict use the same reason, judgment and common sense and general knowledge of men and affairs that they use in ordinary affairs of life. Tucker v. State, 64 Fla. 518, 59 So. R. 941; Fuentes v. State, 64 Fla. 64, 59 So. R. 395; Jordan v. State, 50 Fla. 94, 39 So. R. 155.

"The appellate court should not disturb a verdict supported by evidence where its propriety depends on the weight of circumstantial evidence or the credibility of witnesses. Caldwell v. State, 50 Fla. 4, 39 So. R. 188; Dickens v. State,

50 Fla. 17, 38 So. R. 909; Dunaway v. State, 90 Fla. 142, 105 So. R. 816; May v. State, 89 Fla. 78, 103 So. R. 115."

Counsel for plaintiff in error, as a second assignment, insist that the evidence is legally insufficient to sustain the verdict of the jury and the judgment of conviction thereon and cite the following authorities to sustain this view: Wilson v. State, 30 Fla. 234, 11 Sou. Rep. 556; Danford v. State, 53 Fla. 4, 43 Sou. Rep. 593; Russell v. State, 61 Fla. 50, 54 Sou. Rep. 360; Pell v. State, 97 Fla. 650, 122 Sou. Rep. 110; Wood v. State, 115 Fla. 359, 156 Sou. Rep. 125. An examination of these authorities shows that the law of self-defense was involved.

The lower court in this cause charged every requirement of the law of self-defense and no legal right of plaintiff in error was invaded thereby. There is no conflict between the authorities cited and the instruction given. The evidence of the defendant as to the deceased being the aggressor and the charges of the court on the law of self-defense, no doubt, resulted in the verdict of manslaughter. We feel that substantial justice was awarded in the court below and for this reason the judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.