ELLA CROCKETT v. STATE

188 So. 214.
Opinion Filed April 7, 1939.
Rehearing Denied April 28, 1939.

*H. T. Black, Sam B. Wilson* and *Richard D. Sutton,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, and *J. C. Adkins,* for the State.

PER CURIAM.—Plaintiff in Error was indicted by the grand jury of Baker County for murder in the first degree. She pleaded self-defense. The jury fund her guilty of man-

slaughter and she was sentenced by the court to a term of five years in the penitentiary.

The charge of the court was eminently fair and we find no reversible error in the record. The only question in the case is whether or not the evidence was sufficient to sustain the verdict. The case has been ably briefed and argued by counsel both for the plaintiff in error and the State. We have given careful consideration to the principles of law applicable to the case as well as to the evidence as shown by the record, and our conclusion is that after all is said and done the question of the guilt or innocence of the defendant, plaintiff in error here, was a question for the jury to determine.

It is a sad case. There is much in the evidence to appeal to the sympathies of the court and the jury, as well as to the members of this court, but the jury settled the disputed questions of fact and this Court would not be authorized to disturb their finding, which was approved by the trial court when it denied the motion for new trial.

The defendant in the court below admitted that she shot and killed her husband, but claimed that it was done in necessary self defense. She was the only eye-witness. However, there was evidence of certain physical facts and circumstances which tended to show to the contrary. There was also evidence tending to show that this husband and wife had been estranged and living a part for some days; that they had serious marital difficulties, controversies over certain property rights, and that each had threatened to kill the other. Counsel for plaintiff in error cite the case of Russell v. State, 91 Fla. 370, 107 So. 922, wherein it was held:

"In the trial of one charged with crime where there is no evidence in contradiction of the defendant's statement of the transaction which exculpates him and there is evidence

of facts corroborative of his statement a verdict of guilty will be set aside."

Also Brannen v. State, 94 Fla. 656, 114 So. 429, wherein it is said:

"Uncontroverted and undiscredited evidence is not necessarily always binding upon a court or jury, as for instance, when it is essentially illegal, contrary to natural laws, inherently improbable or unreasonable, opposed to common knowledge, inconsistent with other circumstances established in evidence, or contradictory within itself. Ordinarily, however and subject to certain well defined exceptions (See C. J. 47, such evidence, when material, properly admitted, and when it consists of facts (not opinions), can not be wholly disregarded or arbitrarily rejected even though the witness giving it is an interested party."

"While conflicts in the evidence, the credibility of witnesses and the weight of the evidence for the determination of the jury (Berger v. E. Berger Co., 76 Fla. 503, 80 South. Rep. 296), still the *legal effect* of material and competent evidence not met by opposing evidence, and not impeached, discredited or controverted, is a question of law."

On the other hand counsel for the State cite the case of O'Steen v. State, 92 Fla. 1062, 111 So. 725, wherein it is said:

"It is especially insisted upon in behalf of plaintiff in error that the evidence shows that he acted in self-defense when he fired the fatal shot or shots. We are of the opinion that there were sufficient grounds in the testimony for the jury to have inferred that the circumstances attending the killing of the deceased were not sufficient to have induced a reasonably cautious man to believe that such killing was necessary in order to save his own life or to save himself from great personal injury. Smith v. State, 25 Fla. 517, 6 So. 482; Barnhill v. State, 56 Fla. 16, 48 So. 251. The rule laid

down in Smith v. State, *supra,* has been followed in a long line of cases, one of the most recent being that of Ammons v. State, 88 Fla. 444, 102 Fla. 642, in which the holding of this court, as expressed, in the third headnote, reads as follows: 'In the prosecution of an indictment for murder where the defendant sets up the defense of self defense in that he was defending himself against an attack by the other to commit a felony and there was imminent danger of the design being accomplished, the question of apprehension by the defendant of danger is for the jury and the circumstances as they appear to the defendant must be such as would induce a reasonably prudent or cautious man to believe that the danger was actual and the necessity for taking life real.'

"Some of the reasoning underlying this rule is very well expressed in the text of 13 R. C. L., sec. 121, page 816, as follows: 'The rule is universal that, to warrant taking life in self-defense there must have been reasonable grounds for belief, upon the part of the slayer, that he was in imminent danger of loss of life, or of suffering serious bodily harm at the hands of the person killed. The belief need be no more than reasonable, however, and if the slayer acts in good faith and with reasonable judgment and discretion, he will be excused, even though he err. If, however, his error is due to his own fault and negligence, no belief, however honest, will excuse his act. If through carelessness or fright, or undue excitement, he takes the life of another, when it is not necessary, and when there is no reasonable ground to believe that it is necessary, he is not excused. Such an emotional state may go in mitigation of the offense and may reduce the grade from murder to manslaughter, but furnishes no complete justification or excuse for the taking of the life. * * * Whether reasonable grounds existed

in any particular case is a question for the jury's determination."

The State also cites the case of Broxson v. State, 99 Fla. 1187, 128 So. 628, wherein this court said:

"In passing upon the sufficiency of the evidence to support a verdict, a reviewing court is at a greater disadvantage than the trial court, for while it is possible for the transcript to contain all the 'testimony' it is likewise impossible for it to contain all the 'evidence.' A witness' testimony, when transcribed to payer and read by one not present at the trial may be most plausible, yet the witness' manner of testifying and general demeanor on the witness stand may convince the jury and the trial court of an entire lack of credibility. The trial scene cannot be transferred to the appellate court either by drawings, written words or even by movie-tones, and in many cases, the manner and demeanor of a material witness while testifying is the moving factor in the trial in reaching a verdict. In fact the trial court gave the usual charge in this case, that in considering the question of the credibiltiy of witnesses, the jury may take into consideration the manner and demeanor of any witness on the stand, and that the jury should in arriving at their verdict use the same reason, judgment, common sense and general knowledge of men and affairs that they use in ordinary affairs of life. Tucker v. State, 64 Fla. 518, 59 So. R. 941; Fuentes v. State, 64 Fla. 64, 59 So. R. 395; Jordan v. State, 50 Fla. 94, 39 S. R. 155.

"The appellate court should not disturb a verdict supported by evidence where its propriety depends on the weight of circumstantial evidence or the credibility of witnesses. Caldwell v. State, 50 Fla. 4, 39 So. R. 188; Dickens v. State, 50 Fla. 17, 38 So. R. 909; Dunaway v. State, 90 Fla. 142, 105 So. R. 816; May v. State, 89 Fla. 78, 103 So. R. 115."

Reviewing the testimony in this case as set out in the transcript in the light of the foregoing principles, those cited

by plaintiff in error as well as those cited by the Attorney General, our conclusion is that this judgment must be affirmed.

Affirmed.

WHITFIELD, P. J., BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.

TERRELL, C. J., not participating.