WIGGINTON, Chief Judge.
Appellant has appealed a judgment of conviction and sentence based upon a jury verdict finding him guilty of murder in the second degree. He contends the trial court erred in denying his proffered testimony of a disinterested witness which, if admitted, would have supported his plea of self-defense, corroborated his own testimony, and impeached the testimony of the State’s principal witness.
Appellant was indicted for the murder of one Elgar Camiel, to which he interposed a plea of self-defense. At the trial the brother of deceased testified as a witness on behalf of the State. On direct examination he stated that the defendant approached him and his deceased brother and without provocation or just cause drew a pistol from his pocket and shot the deceased in cold blood. On cross examination this witness was asked whether he or his deceased brother gave defendant any reason to believe that his life was in danger and whether there was any bad blood between them, which questions the witness answered in the negative.
As a witness in his own behalf defendant testified that on the day previous to the altercation in which he shot and killed the deceased, the latter and his brother, the principal witness for the State, accosted defendant and proceeded to beat, kick, and strike defendant in the head with a soft drink bottle after which the deceased shot at defendant with a gun. Defendant testified that it was on the following day that the two brothers again accosted him at which time the deceased said, “Let’s finish what we started Saturday,” whereupon the deceased placed his hand in his pocket and immediately started withdrawing it. Defendant testified that he apprehended that the deceased was again withdrawing a gun from his pocket for the purpose of shooting at him as he had done the previous day, and being in fear of his life the defendant himself drew a pistol from his own pocket and proceeded to shoot the deceased which resulted in the latter’s death.
Defendant called to the stand as a witness in his behalf a woman whose testimony was proffered for the purpose of impeaching *649 the testimony of the State’s principal witness, and for corroborating defendant’s testimony as to what occurred between him and the deceased on the day prior to the alleged homicide. Defendant proffered to prove by his witness the same events to which he testified had occurred on the day prior to his fatal meeting with the deceased. The State’s objection to this proffer was sustained.
It is appellant’s position on appeal that proof of the events which transpired between him and the deceased on the day prior to the fatal shooting was material and relevant to his plea of self-defense. It is his contention that he should not have been forced to have his case go to the jury on his uncorroborated testimony which was disputed by the' State’s principal witness, the brother of the deceased. He urges that the excluded testimony of his witness would have impeached the testimony of the State’s principal witness which was to the effect that defendant’s attack upon the deceased was unjustified and unprovoked and that there was no bad blood between them. Defendant urges that this testimony would have established that on the day of the fatal shooting the actions of the deceased constituted such a hostile demonstration which, in the light of deceased’s previous actions, reasonably caused defendant to be in fear of bodily injury or death, and which justified him in taking the action he claims he did in self-defense. With the contentions of appellant, we are compelled to agree.
In Parrish v. State[1] a defendant charged with murder who interposed a plea of self-defense was precluded during the trial from testifying to prior threats of bodily harm made against her by the deceased. In reversing the judgment of conviction based upon a jury verdict finding defendant guilty, the Second District Court of Appeal quoted with approval from the decision of the Supreme Court in Hart v. State[2] as follows:
“ ‘ * * * the testimony of the accused alone, when sufficient in itself for that purpose, will authorize the admission of evidence of the violent and dangerous character of the deceased, and that this results from the character of his testimony under the statute, as being that of a witness in the case, and of his status, when testifying, as that of a witness in the cause before the court and jury.’ ”
From the foregoing it appears that if it was error to exclude testimony by defendant concerning previous threats of bodily harm made against her by the deceased, it would follow that it is equally erroneous to exclude from evidence testimony concerning a recent violent assault made by a deceased upon the person of a defendant of such nature as might have resulted in death or serious bodily injury. This is particularly true when the evidence is conflicting upon the question as to who began the difficulty, and such prior assault tends to explain or give meaning to the words or actions of the deceased which occurred immediately prior to the killing, and tends to justify the defendant’s apprehension that he was in danger of death or bodily injury.
In support of the trial court’s ruling, the State relies upon the decision of the Supreme Court rendered in the case of Garner v. State[3] which was recognized and followed by this court in its recent decision rendered in Cole v. State[4] We do not consider the rule announced in Garner to be contrary to the position we take herein. Garner was dealing with the admissibility of testimony showing prior threats by the deceased against the defendant, and held that such threats were admissible when they are part of the res gestae or where there is doubt as to who began the final *650 difficulty, and that it is not material in either of these cases that the prior threats should have been previously conveyed to the defendant. The court held that previous threats by the deceased toward the accused are not admissible unless the testimony tends to show that at the time of the killing the deceased had in fact or apparently sought a conflict with the accused or was actually or apparently making some demonstration or overt act of attack toward the accomplishment or consummation of such threats which must be of such nature as to induce a reasonable belief on the part of the accused that he is in danger of death or serious bodily harm.
Garner further stands for the proposition that the deceased’s general reputation in the community for having a violent and dangerous character may be proved in support of a plea of self-defense if such general reputation was known to the defendant, and the altercation leading to the death of the deceased was under such circumstances as would have naturally caused a man of ordinary reason in the place of defendant to believe that he was at the time of the killing in imminent danger of losing his life or suffering great bodily harm at the hands of the deceased. The circumstances must be such that testimony concerning the violent character of the deceased will tend to explain or give meaning, significance, or point to the conduct of the deceased at the time of the killing. Evidence of isolated acts of violence previously committed by the deceased toward others is not admissible to support a plea of self-defense. Since there was no effort or attempt made by the defendant in the case sub judice to prove that the deceased possessed a violent and dangerous character, the latter portion of the rule in Garner is not applicable.
It seems patent that the action of the trial court in excluding the proffered testimony of the disinterested witness offered by defendant in support of his plea of self-defense forced appellant to submit his case to the jury on his uncorroborated testimony disputed by the testimony of the State’s principal witness, and without the benefit of the impeaching testimony of the proffered witness going to the credibility of the State’s evidence. The error committed by the court was prejudicial and had the effect of depriving defendant of a fair and impartial trial.
We have considered the remaining points on appeal urged by appellant for reversal but find them to be without substantial merit. The judgment appealed is reversed and the cause remanded for a new trial.
JOHNSON and SPECTOR, JJ., concur.

. Parrish v. State (Fla.App.1959) 113 So.2d 860, 862.

. Hart v. State, 38 Fla. 39, 20 So. 805, 807.

. Garner v. State, 28 Fla. 113, 9 So. 835.

. Cole v. State (Fla.App.1967) 193 So.2d 47.