PER CURIAM.
Appellant was tried upon an indictment charging him with murder in the first degree. The jury’s verdict found him guilty of manslaughter. From the judgment of conviction and sentence rendered thereon and order denying his motion for new trial, appellant takes this appeal.
The sole point raised by appellant is whether the trial court committed reversible error in excluding the testimony of a Navy shore patrolman that the deceased made a threat, not communicated to appellant, upon the appellant’s life. At trial, appellant defended upon the theory that he acted in self-defense when his shotgun discharged during a confrontation between the deceased and appellant at a service station phone booth blocks away from the latter’s home. Appellant’s wife was with the deceased, her boyfriend, in the early hours *472 and had refused to come home with appellant despite his entreaties.
The State replies that the proffered testimony was cumulative in its effect, and that error, if any, resulting from its exclusion was harmless at best. We agree.
The appellant’s wife testified upon direct examination that she told the appellant in a bar to which she had accompanied the deceased and some three hours before the shooting, “ * * * to be careful, that he (the deceased) had a gun on him and he was watching him and he had threatened his life before. * * * ” She further testified that earlier that night when the deceased picked her up to take her to the bar, he said, “I’ll still have to kill him, I guess, * * * ” On cross, appellant’s wife stated that the deceased’s general reputation for being a peaceful and law abiding citizen was bad.
Appellant thus had the benefit of uncon-tradicted testimony that the deceased’s threats had been communicated to him and that the deceased was not a peaceful man, material to explain or point out: 1) who began the final difficulty, and 2) the reasonableness of appellant’s apprehension that the deceased intended to kill him or do him great bodily harm, brought on by “some demonstration or overt act of attack toward the accomplishment or consummation of such threats.” Coker v. State, 212 So.2d 648 (Fla.App.1968); Garner v. State, 28 Fla. 113, 9 So. 835 (Fla.1891). The jury apparently found, as it had a right to, that appellant was the aggressor or that the deceased made no overt act which would lead a person of ordinary prudence to reasonably believe that he was in imminent danger of loss of life or great bodily harm.
The rejected testimony of the shore patrolman to the effect that the deceased drove to the shore patrol station about an hour before the fatal encounter and there threatened to kill appellant was material as to one issue, who the aggressor was at the death scene. The wife’s testimony of communicated threats went directly to that issue and was of significantly greater evi-dentiary value. We therefore hold that the shore patrolman’s proffered testimony was of a cumulative nature and its exclusion, if error, was not prejudicial. See Stafford v. State, 50 Fla. 134, 39 So. 106 (1905). We note that in Coker, supra, the excluded testimony of a disinterested witness as to an encounter between the deceased and the defendant the day before the killing was the only evidence available to corroborate the defendant’s story.
In addition to the testimony of appellant’s wife, the jury heard the investigating police officer testify that he saw the appellant point the shotgun at the deceased and fire, and that no other firearm was found at the scene other than the deceased’s pistol, which appellant’s wife had testified she had in the front seat of the deceased’s car when the deceased was shot.
For the foregoing reasons, the judgment and order appealed are affirmed.
JOHNSON, C. J., and WIGGINTON and SPECTOR, JJ., concur.