CROSS, Chief Judge
(dissenting) :
I respectfully dissent.
The majority opinion seems to require a proffer when an objection to testimony is sustained not only to show that the testimony should have been admitted, but also that the nature of the testimony was such that to exclude it was prejudicial error. I cannot agree that a proffer was required in this instance.
A cursory reading of the general authorities on the subject indicates that a proffer is required to preserve the question of admissibility for review by the appellate court. The proffer, then, purports to show that the offered testimony is relevant, material and competent. 32 Fla.Jur., Trial § 34; Wharton’s Criminal Law and Procedure § 2041. However, a proffer is not necessary where the purpose of the testimony expected to be elicited is obvious or fairly apparent, as when the question asked clearly indicates the pertinency, materiality and nature of the answer expected, or where the question indicates that the answer to it would be favorable to the party seeking to introduce the testimony. 4 C.J.S., Appeal and Error § 291bb.
In the case sub judice, there was nothing to preserve for appeal by the use of a proffer. It is obvious from the record that defendant sought to establish the victim’s reputation for violence in the community as a part of his affirmative defense of self defense. Since the testimony sought to be elicited was an integral part of his defense, it must be assumed that the information sought would be favorable to defendant.
When the affirmative defense of self defense is raised by the defendant, testimony which established the victim’s reputation for violence is relevant to show the reasonableness of the defendant’s reaction to the victim’s conduct. Garner v. State, 1891, 28 Fla. 113, 9 So. 835; Copeland v. State, 1899, 41 Fla. 320, 26 So. 319; Fine v. State, 1915, 70 Fla. 412, 70 So. 379. To exclude this testimony was reversible error, Cole v. State, Fla.App.1966, 193 So.2d 47, since it forced appellant to submit his case to the jury on his uncorroborated testimony. Coker v. State, Fla.App.1968, 212 So.2d 648.
I would reverse and remand for new trial.