LILES, Acting Chief Judge.
Appellant was charged with second degree murder. He was tried by jury and found guilty of manslaughter. He was subsequently adjudicated to be guilty of manslaughter and sentenced to a term of ten years in state prison. He appeals the judgment and assigns as error the court’s refusal to allow evidence of the violent and dangerous character of the deceased to be presented to the jury.
According to the record the only relevant evidence the judge refused to allow was the details of how the appellant had been previously shot. He allowed the appellant to testify that he had been shot in the arm and that his arm was paralyzed as a result of the shooting. What he did not allow, and properly so, were the details of the prior shooting of the defendant. This question has been answered many times by the courts of Florida beginning with Garner v. State, 28 Fla. 113, 9 So. 835 (1891); Cole v. State, Fla.App.1966, 193 So.2d 47; Coker v. State, Fla.App.1968, 212 So.2d 648.
It is this court’s opinion that the trial judge went further in allowing the conduct of the deceased to be put into evidence than Garner, Cole and Coker would require. For this reason the judgment and sentence is therefore affirmed.
Affirmed.
HOBSON and McNULTY, JJ., concur.