GEORGE MAY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion Filed February 3, 1925.

1. Conflicts in evidence are questions to be determined by the jury, and, in the absence of harmful error of procedure, a

judgment of conviction upon a verdict finding an accused guilty will not be set aside where there is sufficient evidence to sustain a conviction of the crime alleged, unless it affirmatively appears that the jury were influenced by considerations outside the evidence. .

2. In all criminal prosecutions the accused is entitled to be heard by himself or counsel, or both, but the limitation of the time for argument must of necessity, within reasonable bounds, rest in the discretion of the trial court.

3. Where it appears from all the circumstances of the case that the time for argument in a prosecution of one accused of crime is unreasonably limited, such action of the trial court will be held an abuse of discretion requiring a reversal of the judgment for a new trial.

4. A statute which requires the judge in criminal trials to charge the jury immediately upon the conclusion of the evidence, does not prescribe a hard and fast rule, a divergence from which constitutes of itself reversible error, but merely secures to the defendant a right which he may waive if he desires. Smithie v. State, 88 Fla. 70, 101 South Rep. 276.

A Writ of Error to the Criminal Court of Record for Duval County; James M. Peeler, Judge.

Reversed.

*Edgar W. Waybright,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant Attorney General, for the State.

WEST, J.—By this writ of error there is brought to this court for review a judgment of conviction upon an information charging assault with intent to murder. Reliance for reversal of the judgment rests first upon assignments which raise the question of the sufficiency of the evidence to support the verdict.

There is conflict in the evidence of the person alleged to have been assaulted and of the defendant as to what occurred in the encounter between them, but, on behalf of the State, there is evidence of an assault made by the defendant, accompanied by threats to kill the person assaulted, ample to sustain the material allegations of the information charging the crime. This conflict presented a question for the jury, which, when decided in due course by them, is not proper, under our system, for an appellate court to review. Collinsworth v. State, 82 Fla. 291, 89 South. Rep. 802; Kirkland v. State, 82 Fla. 119, 89 South. Rep. 356; Hamlin v. State, 80 Fla. 217, 85 South. Rep. 685; Brown v. State, 79 Fla. 523, 84 South. Rep. 384; Wallace v. State, 76 Fla. 175, 79 South. Rep. 634; Messer v. State, 75 Fla. 619, 78 South. Rep. 680; McCoy v. State, 75 Fla. 294, 78 South. Rep. 168.

The time allowed by the court for argument was limited to twenty minutes. Error is assigned upon this ruling and it is urged here that the limitation of the argument of counsel to twenty minutes is an abridgment of defendant's right to be heard, for which there should be a reversal of the judgment.

The right of an accused in a criminal prosecution to be heard by himself or counsel, or both, cannot be denied him. Sec. 11, Declaration of Rights. But the limitation of the time for argument must of necessity, within reasonable bounds, rest in the discretion of the trial court. This is the general rule. The right may be waived, but when requested, reasonable time must be allowed. The question to be determined is what is reasonable time, and this depends upon the facts and circumstances of each case. No hard and fast rule can be prescribed. But if it appear that the time for argument is unreasonably limited, such action will be held an abuse of discretion requiring a reversal of the

judgment for new trial. This statement of the law finds general support in the adjudicated cases. McDuffee v. State, 55 Fla. 125, 46 South. Rep. 721; York v. United States, 299 Fed. 778; Samuels v. United States, 232 Fed. 536; Howard v. State, 77 Tex. Crim. 185, 178 S. W. Rep. 506; McLean v. State, 32 Tex. Cr. Rep. 518, 24 S. W. Rep. 898; Walker v. State, 32 Tex. Cr. 175, 22 S. W. Rep. 685; State v. Rogoway, 45 Ore. 601, 2 Ann. Cas. 431; People v. Green, 99 Cal. 564, 34 Pac. Rep. 231; People v. Labadie, 66 Mich. 702, 33 N. W. Rep. 806; Wingo v. State, 62 Miss. 311; Hunt v. State, 49 Ga. 255, 15 Am. Rep. 677; Teague v. Commonwealth, 172 Ky. 665, 189 S. W. Rep. 908; Childers v. Commonwealth, 161 Ky. 440, 171 S. W. Rep. 149; State v. Hoyt, 47 Conn. 518, 36 Am. Rep. 89; City of Seattle v. Erickson, 55 Wash. 675, 104 Pac. Rep. 1128; Hendrick v. United States, 2 Okla. Cr. 240, 101 Pac. Rep. 125; Kenninson v. State, 83 Neb. 391, 119 N. W. Rep. 768; Dixon v. State, 46 Neb. 298, 64 N. W. Rep. 961; State v. Shores, 31 W. Va. 491, 7 S. E. Rep. 413; State v. Collins, 70 N. C. 241, 16 Am. Rep. 771; Welch v. State, 156 Ala. 112, 46 South. Rep. 856; Huskey v. State, 129 Ala. 94, 29 South. Rep. 838; Crawford v. State, 112 Ala. 1, 21 South. Rep. 214; Yeldell v. State, 100 Ala. 26, 14 South. Rep. 570.

The penalty, upon conviction of the crime for which defendant was on trial, is not exceeding twenty years' imprisonment. In many instances this is the equivalent of the life of the accused.

In this case it cannot be said that the facts are complicated, but there are sharp conflicts in the evidence on material issues, the taking of which consumed several hours, there being a number of witnesses testifying both for the State and on behalf of defendant. In this situation, and in view of the serious nature of the crime charged, we think the full measure of the right to be heard, accorded by the Constitution, was not given when the argument was lim-

ited to twenty minutes, and that the court's action in so limiting the time is such a deprivation as to require a reversal of the judgment.

One of the grounds of the motion for new trial is that the court refused to charge the jury in advance of the argument of counsel. The grounds of the motion are not self-supporting and it does not clearly appear from the transcript of the record that the charge was given after argument of counsel, or that the court was requested to instruct the jury before the argument and exception reserved to his refusal to do so. Smithie v. State, 88 Fla. 70, 101 South. Rep. 276.

The judgment is reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J., concur in the opinion.