451 So.2d 1058 (1984)
Gloria Jean Harrison NEAL, Appellant,
v.
STATE of Florida, Appellee.
No. 83-357.
District Court of Appeal of Florida, Fifth District.
June 28, 1984.
*1059 James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The defendant below, Gloria Neal, was indicted for the first-degree murder of her husband, Ronald "Doc" Neal, and the aggravated battery of one Bernice Golden. The facts adduced at trial revealed a stormy marital relationship between Gloria and Doc, with several violent physical altercations. It was Gloria's contention that she was the victim of repeated spouse abuse by a bullying husband. The last altercation erupted at a tavern located in Midway, Florida, the community where the Neals both lived, although they had been separated at that time for two years.
Doc was drinking at the tavern. Gloria arrived in the company of one Calvin Means. She carried a concealed pistol. An argument ensued, and Doc first knocked Means unconscious, then knocked Gloria down. She got up, saying, "I'll be back, I'll kill you," and left the tavern. Sometime later (estimates from five to thirty minutes) she came back and commenced shooting at Doc, who ran from the tavern with Gloria in pursuit. Three or four shots were fired, at least two inside the tavern. Doc was hit twice and died; Bernice Golden was struck once and survived.
The police later arrested Gloria at her cousin's house nearby. The arresting officer inquired about the gun, and Gloria opened her sweater and showed the officer that she carried it in her brassiere. The officer took the gun from her. On the way to the police station, she inquired about Doc's condition, stating that she had shot him and he had hit her. At trial, defense counsel did not object to the admission of this statement. However, over defense objection, the trial court admitted into evidence a taped confession taken later at the police station. At trial, the defendant testified. She emphasized that Doc had continually physically abused her, and on the night of the shooting he had hit Calvin Means and her. According to Gloria, she shot Doc because she was very upset about the hitting.
Presented with the foregoing evidence, the jury returned guilty verdicts on second-degree murder and aggravated battery. The court, based on these verdicts, then made a finding of guilt regarding a violation of probation on a previous charge of arson against Gloria Neal. The trial court adjudicated her guilty of the second-degree murder and aggravated battery and sentenced her to ten-year terms on each, to run concurrent with each other. As to the violation of probation, the trial court sentenced the defendant to a concurrent five-year prison term, and retained jurisdiction over the entire five-year sentence.
We must reverse for a new trial because of the arbitrary and unreasonable action of the trial judge in announcing, during the charge conference, that closing arguments would be limited to twenty-five minutes for *1060 each side. Both defense counsel and the state objected, to no avail. Defense counsel, emphasizing that her client was on trial for first-degree murder, requested a forty-five minute limit. This was refused.
In May v. State, 89 Fla. 78, 103 So. 115 (1925), the Florida Supreme Court said:
But the limitation of the time for argument must of necessity, within reasonable bounds, rest in the discretion of the trial court. This is the general rule. The right may be waived, but, when requested, reasonable time must be allowed. The question to be determined is what is reasonable time, and this depends upon the facts and circumstances of each case. No hard and fast rule can be prescribed. But, if it appears that the time for argument is unreasonably limited, such action will be held an abuse of discretion, requiring a reversal of the judgment for new trial.
May, 103 So. at 116. The May court held that a twenty-minute limitation of closing argument deprived the defendant of a fair trial where he faced a possible twenty-year imprisonment upon conviction. The court also pointed out that although the facts at trial were not complicated, there were sharp conflicts in the evidence on material issues. Both the state and the defendant called several witnesses and the testimony at trial consumed "several hours."
The instant case took a full day of jury selection, two full days of testimony and an added day for jury deliberation. Gloria Neal was charged with first-degree murder which, upon conviction, would result in a minimum mandatory twenty-five year prison term.[1] §§ 775.082(1) and 782.04(1)(a), Fla. Stat. (1981). The conviction for second-degree murder carries a possible penalty of life imprisonment. § 782.04(2), Fla. Stat. (1981). In fact, Gloria Neal was sentenced to ten years imprisonment as to the murder, not to mention the concurrent ten-year sentence for the second charge of aggravated battery. Additionally, the court retained jurisdiction over the first five years of each sentence. While the facts as to what occurred at the scene of the crime were fairly simple, there was sharp disagreement concerning the question of premeditation, and this case raised the novel and complex spouse abuse defense, combining theories of self-defense and temporary insanity. We believe that May mandates a new trial in the instant case. See also Cooper v. State, 106 Fla. 254, 143 So. 217 (1932).
In view of the necessity for a new trial, we also note that it was error to admit the defendant's taped confession. This confession came after Gloria Neal had thrice requested the assistance of counsel after Miranda warnings. The interrogation officer continued to discuss the case with her and did not attempt to secure the requested attorney. The confession was not given in direct response to interrogation, but we believe it to have been induced by the continued discussion of the case by the detective and his advice to Neal to confess. This violated Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
The third point raised by appellant is that the order revoking her probation on attempted arson imposes a five-year prison term with retention of jurisdiction over all five years. This contravenes the applicable statute, section 947.16(3), Florida Statutes (1982 Supp.), in two respects: first, retention can be for only one-third the sentence;[2] second, the applicable statute allows *1061 for retention of jurisdiction by the trial court only for certain enumerated offenses  and attempted arson is not one of them.
The state responds that this issue cannot be raised on appeal because it was not presented to the trial court. This argument in regard to sentencing errors of the nature herein concerned was recently rejected by the Florida Supreme Court in State v. Rhoden, 448 So.2d 1013 (Fla. 1984). See also Weston v. State, 452 So.2d 95 (Fla. 1st DCA 1984).
The judgments and sentences for second-degree murder and aggravated battery are reversed, as is the revocation order and judgment thereon dated February 16, 1983. This cause is remanded for a new trial on the charges of second-degree murder and aggravated battery, and a new probation revocation hearing in regard to the prior attempted arson charge.
ORFINGER, C.J., and DAUKSCH, J., concur.
NOTES
[1] The state did not seek the death penalty.
[2] Neal was arrested on December 26, 1981. She was sentenced on February 16, 1983. Under the law in effect on the date of Neal's arrest, a trial court could retain only up to one-third of a sentence. By a 1982 amendment to section 947.16(3), effective April 20, 1982, a trial court was authorized to retain up to one-half. This 1982 amendment, however, was short-lived. The legislature, by Laws 83-131 § 9, changed the maximum retention period back to one-third, effective June 15, 1983.

Notwithstanding that the one-half retention was in effect at the time of Neal's sentencing, the trial court could only have retained up to one-third, which was the law in effect at the time of the offense. To allow retention up to one-half would be an ex post facto application of the 1982 amendment. See: Hayes v. State, 448 So.2d 84 (Fla. 2d DCA 1984) [9 FLW 846]; Reid v. State, 440 So.2d 651 (Fla. 2d DCA 1983).