453 So.2d 530 (1984)
Rose Marie STANLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1014.
District Court of Appeal of Florida, Fifth District.
August 2, 1984.
A.A. McClanahan, Jr., Sanford, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
BLOUNT, URIEL, Jr., Associate Judge.
The appellant was before the court below charged by Information with burglary and grand theft. She was tried before a jury with two co-defendants Willie Preston and Robert Joseph. The jury returned a verdict of guilty to both charges and the trial court adjudicated appellant guilty of burglary and grand theft and sentenced her to a five-year term on each count with the sentences to be served consecutively. Before beginning closing arguments, the trial court limited each of the defendants to ten minutes for closing arguments and the State Attorney two additional minutes. Appellant's attorney objected and stated that the closing would require more time and the Court responded that he would allow only ten minutes. Appellant's attorney specifically requested fifteen minutes and as grounds indicated that the three co-defendants all testified with inconsistent statements. The trial court denied the request.
This appeal is taken on three grounds:
ISSUE I
THE TRIAL COURT ABUSED ITS DISCRETION IN SEVERELY LIMITING THE TIME ALLOWED FOR CLOSING ARGUMENTS WHERE THE CHARGES WERE SERIOUS AND THE ISSUES COMPLEX.
ISSUE II
THE TRIAL COURT ERRED IN REFUSING TO GRANT APPELLANT A NEW TRIAL ON THE BASIS OF HER TESTIMONY AND EVIDENCE PRESENTED AT HEARING AND EVIDENTIARY HEARINGS ON APPELLANT'S AMENDED MOTION FOR NEW TRIAL REGARDING APPELLANT'S RECANTATION OF *531 COERCED, FALSE TRIAL TESTIMONY DETRIMENTAL TO APPELLANT'S DEFENSE AT TRIAL.
ISSUE III
THE TRIAL COURT ERRED IN CONSIDERING THE APPELLANT'S REFUSAL TO ADMIT GUILT IN DETERMINING THE SENTENCE.
As we must reverse for a new trial because of the arbitrary and unreasonable action of the trial judge in limiting time for closing arguments thus depriving the appellant the right to a fair trial, there is no need to go further in this opinion on the other grounds for appeal. See May v. State, 89 Fla. 78, 103 So. 115 (1925) and Neal v. State, 451 So.2d 1058 (Fla. 5th DCA 1984).
The judgments and sentences for burglary and grand theft are reversed and remanded for new trial.
REVERSED and REMANDED.
ORFINGER and SHARP, JJ., concur.