460 So.2d 416 (1984)
Tammy Ann DUQUE, Appellant,
v.
STATE of Florida, Appellee.
No. 84-253.
District Court of Appeal of Florida, Second District.
November 14, 1984.
Rehearing Denied December 19, 1984.
*417 Jerry Hill, Public Defender, Bartow, and Douglas S. Connor, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
Appellant appeals the trial court's order adjudicating her guilty of first degree murder. We reverse and remand.
On appeal, appellant argues, inter alia, that the trial court erred in failing to declare a mistrial because the prosecutor's closing argument was improper and went beyond the evidence before the jury. We agree.
During the trial, the state attempted to introduce the testimony of a court-appointed psychiatrist, Dr. Afield. The purpose of that testimony was to elicit statements allegedly made by appellant to Dr. Afield. Dr Afield was not permitted to testify because of discovery violations ruled prejudicial to appellant. During closing argument, the prosecutor referred to what appellant allegedly told Dr. Afield by stating:
Think about the testimony of that Defendant. Think about what she told Dr. Afield. After he presented her with a statement of the facts in the case. Then she said, "Tony and Stanley"  changes her tune a little bit. What does she tell Dr. Mussenden on August 22nd, 1983? I am sorry, Dr. Afield. "I don't have a defense. I don't know what it is." She sat in that jail thinking about this. Now there is a criminal mind. She sat in that jail from September 11th, 1982, until September 21, 22, sorry  I am like Excilia, I am not good with dates  September 21, yesterday, and thought about a story. She had time. What do you do in jail? You sit there and think about a story.
Because appellant's statement to Dr. Afield went beyond the evidence before the jury, we find that the trial court erred in not granting appellant's motion. See United States v. Vera, 701 F.2d 1349 (11th Cir.1983). Although defense counsel did not make a contemporaneous objection to the prosecutor's comments but, rather, moved for a mistrial at the conclusion of the prosecutor's argument, we find the improper comments "so fundamentally tainted that neither an objection nor retraction could entirely destroy that sinister influence." Coleman v. State, 420 So.2d 354, 356 (Fla. 5th DCA 1982).
Additionally, the prosecutor stated in closing argument:

*418 Mr. Rocha, I don't come into a courtroom with the wrong persons. That is on my conscience. If that woman goes to jail that is on my conscience. That is on Baker's conscience. I stand before the bar of justice. And I take it seriously. You'd better believe it. This badge, I don't need it. `Cause I would cry at night if that girl is innocent behind bars. I wouldn't sleep.
[Emphasis added.] This comment, although not objected to by appellant, was improper and should not be repeated on retrial. See McGuire v. State, 411 So.2d 939 (Fla. 4th DCA 1982).
We also find merit in appellant's argument that the trial court erred by ruling that a defense witness could not testify to statements made to her by the witness' husband, a coconspirator, which was consistent with appellant's theory of defense, to wit, that the participants intended to scare the deceased rather than kill him. Appellant testified at trial that her coconspirators were only supposed to talk to appellant's father and perhaps scare him. Therefore, further testimony which would corroborate appellant's defense became important to the issue of appellant's credibility. See Reddick v. State, 443 So.2d 482 (Fla. 2d DCA 1984); Campos v. State, 366 So.2d 782 (Fla. 3d DCA 1978).
We have considered appellant's remaining points on appeal and find them to be without merit.
Accordingly, we reverse and remand for a new trial.
OTT and CAMPBELL, JJ., concur.