464 So.2d 1214 (1984)
Aaron Lorenzo FOSTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-2737.
District Court of Appeal of Florida, Third District.
November 13, 1984.
On Motion for Clarification March 12, 1985.
Rehearing Denied March 28, 1985.
*1215 Bennett H. Brummer, Public Defender and Karen M. Gottlieb, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before HENDRY, HUBBART and BASKIN, JJ.
HUBBART, Judge.
This is an appeal from a final judgment of conviction and sentence for the crime of armed robbery. The sole point on appeal is that the trial court abused its discretion in limiting defense counsel's final argument to the jury to fifteen minutes. We agree and reverse.
The Florida Supreme Court in May v. State, 89 Fla. 78, 103 So. 115 (1925), states the applicable law as follows:
"The right of an accused in a criminal prosecution to be heard by himself or counsel, or both, cannot be denied him. Sec. 11, Declaration of Rights. But the limitation of the time for argument must of necessity, within reasonable bounds, rest in the discretion of the trial court. This is the general rule. The right may be waived, but when requested, reasonable time must be allowed. The question to be determined is what is reasonable time, and this depends upon the facts and circumstances of each case. No hard and fast rule can be prescribed. But if it appear that the time for argument is unreasonably limited, such action will be held an abuse of discretion requiring a reversal of the judgment for new trial. This statement of the law finds general support in the adjudicated cases."
89 Fla. at 80-81, 103 So. at 116.
The United States Supreme Court in Herring v. New York, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975), further states the applicable law:
"There can be no doubt that closing argument for the defense is a basic element of the adversary fact-finding process in a criminal trial. Accordingly, it has universally been held that counsel for the defense has a right to make a closing summation to the jury, no matter how strong the case for the prosecution may appear to the presiding judge."
422 U.S. at 858, 95 S.Ct. at 2553, 45 L.Ed.2d at 598 (footnote omitted).
In accord with this established law, Florida courts have not hesitated to reverse criminal convictions where the trial court has unreasonably limited the time for defense counsel's final argument to the jury. Such convictions have been reversed where defense counsel's final argument was limited to thirty minutes in a grand theft and resisting arrest case involving multiple defendants, Pittman v. State, 440 So.2d 657 (Fla. 1st DCA 1983), to twenty-five minutes in a first degree murder case, Neal v. State, 451 So.2d 1058 (Fla. 5th DCA 1984), to twenty minutes in an assault with intent to commit murder case, May v. State, supra, to ten minutes in a burglary and grand theft case, Stanley v. State, 453 So.2d 530 (Fla. 5th DCA 1984), and to five minutes in an illegal possession of intoxicating liquor case. Cooper v. State, 106 Fla. 254, 143 So. 217 (1932). Running through all of these cases is the court's concern that where human liberty is at stake, as in a criminal case, considerable leeway must be given to defense counsel in arguing his case to the jury. To be sure, defense counsel is not entitled to filibuster the case or engage in unreasonably long arguments, but nonetheless wide latitude must be given counsel in arguing his case to the jury and ordinarily arguments restricted to thirty minutes or less are considered suspect.
Turning to the instant case, the defendant herein was charged with a serious felony punishable by life imprisonment. § 812.13(2)(a), Fla. Stat. (1983). The trial below lasted three days during which the state introduced eleven physical exhibits into evidence and presented five witnesses who were, in turn, extensively cross-examined. *1216 Admittedly, the state's case was a strong one, which included inter alia photographs taken during the commission of the robbery depicting a person resembling the defendant as the perpetrator; the defendant himself presented no witnesses or physical evidence. At the conclusion of the trial, the following colloquy occurred:
"THE COURT: Okay. How much time do you want to argue?
MR. FOLEY: [prosecuting attorney]: I don't think I am going to go over 15 minutes.
THE COURT: I don't think you are going to go over ten.
MR. RAUCH: [defense attorney]: I would request more than 15 minutes.
THE COURT: What could you possibly talk about?

MR. RAUCH: Judge, we are talking about a life felony of armed robbery with a three-year minimum.
THE COURT: I agree that the charge is serious. There is no question about it. What can you talk about for 15 minutes though?

MR. CANET: [defense co-counsel]: I made many notes, Your Honor.

MR. RAUCH: Judge, I think there are sufficient things to raise to the jury. You know, just because there is a picture, that it is not a conclusive type of situation where everyone assumes that is it and closes the books.

THE COURT: In the meantime, how about George taking a lunch order from them. It is 11:30. Let him go get the lunch and bring it back so they can deliberate through lunch.
MR. RAUCH: Either that or let them go to lunch first; if you want to do that and close after lunch and let them go ahead and deliberate.
THE COURT: Call Judge Klein and ask him what he wants me to do. Okay?
MR. RAUCH: Either way.
THE COURT: Well, the other way, I could possibly start the other case.
All right, then. Fifteen minutes to a side.
MR. RAUCH: We are requesting more than 15 minutes. For this type of case, you know, that is very little time to present anything to the jury in 15 minutes. I realize the prosecutor is going to say look at the picture and if you believe it is him, he is guilty, but there are a lot of things in this case that the jury should consider before looking at a photograph, before making a decision like that. And, I think it takes more than 15 minutes to outline those things to the jury.

THE COURT: Gentlemen, it is 15 minutes a side. Cut it up any way you want.
MR. RAUCH: Note our objection, Judge.
We are not being afforded a proper time to tell the jury what the felony of a three-year minimum-mandatory 
THE COURT: How do you want to cut it up?
MR. CANET: Ten and five."
(T. 200-02) (emphasis added).
The record further reflects that defense counsel was cut off in both his opening and concluding arguments to the jury and had additional points to argue which the trial court would not allow him to make.
Plainly, the trial court did not allow defense counsel to argue to the jury for more than fifteen minutes because it felt counsel had very little to talk about. In our view, however, this was an insufficient basis to so restrict defense counsel's argument because it was for the jury, not the trial judge, to determine the strength or weakness of the proffered defense. Herring v. New York, 422 U.S. at 858, 95 S.Ct. at 2553, 45 L.Ed.2d at 598. Moreover, the defendant was charged with a serious felony punishable by life imprisonment and the evidence presented at trial, although not complex, was somewhat extensive, the trial having lasted three days. The defense at trial was mistaken eyewitness identification, together with a standard reasonable doubt defense, and the defendant was entitled to develop that argument before the jury. Admittedly, his counsel faced a difficult task of persuading the jury of this position in view of the strength of the state's case, but he was entitled to a fair *1217 opportunity to do so. Defense counsel told the trial court that he needed more than fifteen minutes to present his case to the jury, and we think it was an abuse of discretion not to accord counsel some additional time for argument. A limitation of fifteen minutes on defense counsel's final argument to the jury in a criminal case where a defendant faces a maximum of life imprisonment seems to us an unreasonable limitation in most cases and certainly an unreasonable limitation under the circumstances of this case.
The final judgment under review is reversed and the cause is remanded to the trial court for a new trial wherein the defendant, through counsel, will be given an adequate opportunity to present a closing argument to the jury.
Reversed and remanded.

ON MOTION FOR CLARIFICATION
PER CURIAM.
The state has filed a motion for clarification in this cause directed to that portion of the court's opinion stating that "ordinarily arguments restricted to thirty minutes or less are considered suspect." It is urged that this language states, or may be interpreted as stating, a mandatory rule requiring all defense counsel in future criminal cases to argue to the jury in final summation for at least thirty minutes or risk a subsequent claim of ineffective assistance of counsel on a motion to vacate under Fla.R.Crim.P. 3.850. See Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Knight v. State, 394 So.2d 997 (Fla. 1981). Concern is also expressed by the state that the trial court may be required by the above language to always allow defense counsel at least thirty minutes to argue to the jury, and, indeed, may not allow defense counsel to argue for less than thirty minutes even if counsel desires to do so. We appreciate the state's concerns, but upon further reflection we regard them as misplaced.
It is entirely accurate to observe, as we did, based on a reading of the existing Florida case law, that "ordinarily arguments [by defense counsel to the jury] restricted to thirty minutes or less are considered suspect," which is to say that Florida courts have often reversed criminal convictions where, as here, defense counsel asked for additional time for jury argument, but was restricted by the trial court to less than thirty minutes for argument.[1] That is a far cry, however, from requiring defense counsel to argue to the jury for at least thirty minutes or risk a later claim of ineffective assistance of counsel. Counsel may very well believe, based on tactical or other grounds, that a short argument, or no argument at all, to the jury may be in his client's best interests. Nothing in the court's opinion requires defense counsel to request any particular time for a jury summation. That is a matter which lies within the sound discretion of defense counsel, and any judgment thereon should be accorded wide latitude when measured against a subsequent claim of ineffective assistance of counsel. See Messer v. State, 439 So.2d 875, 877 (Fla. 1983); Songer v. State, 419 So.2d 1044, 1047 (Fla. 1982); McNeal v. State, 409 So.2d 528, 529 (Fla. 5th DCA), pet. for review denied, 413 So.2d 876 (Fla. 1982); Beckham v. State, 339 So.2d 221, 222 (Fla. 3d DCA 1976).
Nor does the above language require that the trial court allow defense counsel at least thirty minutes to argue his case to the jury in all cases. Depending on the circumstances, it may very well be that restricting defense counsel's argument to less than thirty minutes in a given case would not be an abuse of discretion; in the ordinary felony case, however, it seems fair to state, based on the Florida cases reviewed in the court's opinion, that such a decision is suspect and may subject the conviction to a possible reversal on appeal. The instant *1218 case is yet another example of this trend in the law.
The state's motion for clarification is therefore granted insofar as the above explanation may satisfy the concerns expressed in said motion; the motion for clarification is denied, however, insofar as it requests that the above-stated language in the court's opinion be stricken or, in the alternative, the matter certified for final resolution to the Florida Supreme Court.
NOTES
[1] Cooper v. State, 106 Fla. 254, 143 So. 217 (1932); May v. State, 89 Fla. 78, 103 So. 115 (1925); Stanley v. State, 453 So.2d 530 (Fla. 5th DCA 1984); Neal v. State, 451 So.2d 1058 (Fla. 5th DCA 1984); Pittman v. State, 440 So.2d 657 (Fla. 1st DCA 1983).