472 So.2d 1294 (1985)
Jose Antonio RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 84-994.
District Court of Appeal of Florida, Fifth District.
July 11, 1985.
James B. Gibson, Public Defender, Larry B. Henderson, Asst. Public Defender, and Kenneth Witts, Certified Legal Intern, Daytona Beach, for appellant.
*1295 Jim Smith, Atty. Gen., Tallahassee, and Gary W. Tinsley, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Defendant appeals from a judgment of conviction for burglary of a dwelling, and from the sentence imposed. Because we agree that the trial court unreasonably limited defense counsel's closing argument, thus denying to defendant his right to be heard, we reverse for a new trial.
Including jury selection, the trial consumed two days. Although defendant admitted entry into the victim's home, his defense was that he entered and remained with the consent of the victim, so his intent in entering the dwelling was critical to his defense. Five witnesses testified for the State, and the defendant testified in his own behalf. The testimony is contradictory in many respects, particularly that of the victim and of the defendant. At the conclusion of the testimony, the trial court inquired of counsel as to the time requested for closing argument. Both attorneys requested 30 minutes, but the trial court limited them to 15 minutes each, over defendant's objection. Defense counsel did not complete his closing argument, and was cut off by the court when his alloted 15 minutes had expired.
In May v. State, 89 Fla. 78, 103 So. 115 (1925) the defendant was charged with assault with intent to commit murder, an offense which at that time carried a maximum penalty upon conviction of 20 years' imprisonment. At the conclusion of the trial, the court limited defense counsel's argument to 20 minutes. In reversing for anew trial, the supreme court said:
The right of an accused in a criminal prosecution to be heard by himself or counsel, or both, cannot be denied him. Section 11, Declaration of Rights. But the limitation of the time for argument must of necessity, within reasonable bounds, rest in the discretion of the trial court. This is the general rule. The right may be waived, but, when requested, reasonable time must be allowed. The question to be determined is what is reasonable time, and this depends upon the facts and circumstances of each case. No hard and fast rule can be prescribed. But, if it appear that the time for argument is unreasonably limited, such action will be held an abuse of discretion, requiring a reversal of the judgment for new trial. This statement of the law finds general support in the adjudicated cases. [Citations omitted].
Id. at 116. The supreme court found that while the facts in the case were not complicated, there were sharp conflicts in the evidence on material issues "the taking of which consumed several hours." In view of the serious nature of the crime charged, the court found that the defendant's constitutional right to be heard was not given, so a new trial was ordered.
Subsequent cases have reversed criminal convictions where the trial court has unreasonably limited defendant's final argument to the jury.[1] In denying the motion for judgment of acquittal here, the trial judge recognized the conflict in the testimony. The defendant was charged with a serious crime, a second degree felony, the maximum statutory penalty for which is 15 years' imprisonment. After a two day trial, the jury was out approximately two and a half hours before reaching its verdict. In view of the serious nature of the crime charged and the conflicting evidence in the case, it was unreasonable and an abuse of discretion to restrict the defendant's final *1296 argument to 15 minutes, so he is entitled to a new trial.[2]May, supra.
We find no error in the trial court's rejection of defendant's attempt to impeach the victim by asking a police officer about the victim's prior arrest. However, because the case must be re-tried, we address what defendant correctly asserts to be a sentencing error.
In controversy is how to score a Michigan misdemeanor conviction for "possession of marijuana with intent to deliver." No other facts about the Michigan offense appear in the record. If this offense is scored as a misdemeanor, the recommended guideline sentence is "any non-state prison sanction," while if it is scored as a felony, the points are increased so that the next higher cell is applicable. The trial court imposed a guidelines sentence based on the next higher cell. Fla.R.Crim.P. 3.701(d)(5)(a)(2) provides:
When scoring federal, foreign, military, or out-of-state convictions, assign the score for the analogous or parallel Florida statute.
The defense argues that the analogous Florida statute is section 893.13(1)(f), Florida Statutes (1983), which provides that possession or delivery without consideration of less than 20 grams of cannabis is a misdemeanor of the first degree. The State argues here, as it successfully did below, that the analogous Florida statute is section 893.13(1)(a)2 which makes possession of cannabis with intent to deliver a felony of the third degree. The State argues that it was up to the defendant to show that less than 20 grams was involved in the prior conviction and that there was no consideration, and that absent such showing the Michigan conviction should be treated as a felony under Florida law.
The problem with the State's reasoning is that it goes contra to the dictates of the sentencing guidelines. The brief reference to the Michigan crime does not show that there was a consideration or that the amount of cannabis was more than 20 grams. Florida Rule of Criminal Procedure 3.701(d)(5) Committee note says "Any uncertainty in the scoring of the defendant's prior record shall be resolved in favor of the defendant ..." The burden thus is on the State to clearly demonstrate the nature of the prior crime if there is any question about its severity, otherwise, as the rules provide, the benefit of the doubt goes to the defendant.[3]
The judgment of conviction is reversed, the sentence is vacated, and the cause is remanded for a new trial.
REVERSED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] Cooper v. State, 106 Fla. 254, 143 So. 217 (1932) (limitation of five minutes on a misdemeanor charge of unlawfully possessing intoxicating liquors); Pittman v. State, 440 So.2d 657 (Fla. 1st DCA 1983) (30 minutes on a charge of resisting arrest with violence); Neal v. State, 451 So.2d 1058 (Fla. 5th DCA 1984) (25 minutes on a charge of first degree murder); Stanley v. State, 453 So.2d 530 (Fla. 5th DCA 1984) (10 minutes on a charge of burglary and grand theft); Foster v. State, 464 So.2d 1214 (Fla. 3d DCA 1985) (15 minutes on a charge of armed robbery). Citing many of these cases, the Fourth District Court of Appeal recently reversed a defense judgment in a civil case, and ordered a new trial, because the trial judge had restricted plaintiff's closing argument to twelve minutes. Woodham v. Roy, et al., 471 So.2d 132 (Fla. 4th DCA 1985).
[2] In Foster v. State, 464 So.2d 1214 (Fla. 3d DCA 1985), on motion for clarification, the Third District Court of Appeal comes close to holding that in the ordinary felony case, a restriction of final argument to less than 30 minutes is, per se, unreasonable. While we do not intend here to establish a minimum time to be alloted to final argument, we note that in this case, the defense counsel's request for 30 minutes was not an unreasonable request.
[3] This is analogous to the situation where the State charges a defendant with delivery of cannabis without specifying the amount of cannabis or that the delivery was for a consideration. We have held that such an information charges only a misdemeanor. Fike v. State, 455 So.2d 628 (Fla. 5th DCA 1984). See also Young v. State, 439 So.2d 306 (Fla. 5th DCA 1983).