PER CURIAM.
We are confronted again with the necessity to reverse a criminal conviction because the trial judge arbitrarily limited defense counsel to an abbreviated time for closing argument to the jury. Had defense counsel been allowed the thirty-minute time period he requested in this case, rather than being cut off after fifteen minutes, we would have affirmed. There are no “cost savings” in insisting on this kind of courtroom efficiency. Further, the error is particularly egregious in this case because this court, in two written opinions dated five and three months prior to the trial in this case, reversed this same trial judge for making similar rulings. See, Neal v. State, 451 So.2d 1058 (Fla. 5th DCA 1984); Stanley v. State, 453 So.2d 530 (Fla. 5th DCA 1984).
Cain was charged with delivery of a controlled substance to a minor,[1] and sale of a controlled substance.[2] At trial, there was a substantial issue as to the identity of the person who sold the drugs. The trial took place over a two-day period, not including jury selection. Twelve witnesses testified and the transcript totaled 400 pages.
The trial judge asked counsel at the jury instruction conference whether there was any reason they could not limit closing argument to fifteen-minutes per side. Defense counsel said he had no objection to a thirty-minute limit, but he asked the court not to impose an absolute fifteen-minute limit. The trial judge refused because “I just got to run my courtroom,” and he did not think Cain’s defenses were complicated.
From the record it can be seen that defense counsel tried to cover all the facets *547 of his case as best he could in his fifteen-minute span. At one point he told the jury, “I would like the opportunity to go through each witness with you, and to analyze each one of their testimony, I would like to say to you and be able to pick apart each one of those. But, we follow Rules of Procedure. ...” He was reminded by the trial judge three minutes before the fifteen-minute period elapsed; and he complied with the trial court’s time limits.
Under these circumstances, we think Cain was deprived of a fair trial. Cooper v. State, 106 Fla. 254, 143 So. 217 (1932); Rodriguez v. State, 472 So.2d 1294 (Fla. 5th DCA 1985). Accordingly, the judgment of conviction is reversed, the sentence is vacated, and the cause is remanded for a new trial.
REVERSED.
COBB, C.J., and UPCHURCH and SHARP, JJ., concur.

. Violation of section 893.13(l)(c)(2), Florida Statutes (1983).

. Violation of section 893.13(l)(a)(2), Florida Statutes (1983).