484 So.2d 1271 (1986)
Charles Patrick HICKEY, Appellant,
v.
STATE of Florida, Appellee.
No. 85-283.
District Court of Appeal of Florida, Fifth District.
February 13, 1986.
Rehearing Denied March 20, 1986.
As Clarified March 20, 1986.
*1272 James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
The defendant was charged with second degree murder after an altercation between himself and the victim, John P. Stark, Jr., which resulted in Stark's death from a stab wound. After a four day trial the jury found him guilty as charged. He appeals from that conviction, and for the reasons discussed, we are compelled to reverse for a new trial.
Defendant's counsel filed a pre-trial motion for discovery pursuant to Florida Rule of Criminal Procedure 3.220. This included a request for written, recorded or oral statements made by the accused as provided for in Rule 3.220(a)(1)(iii). In its response, *1273 the State furnished defendant with a copy of the arrest report which made reference to statements of the defendant, but failed to furnish the defendant with a copy of a follow-up investigative report prepared by the investigating officer a few days after he had made his arrest report, which later report contained different and contradictory statements and denials allegedly made by the accused.
When the State attempted to introduce into evidence the contents of the follow-up report during re-direct examination of the police officer, defendant's counsel objected on the ground that he had not been furnished with a copy prior to trial, and until that moment was not even aware of its existence. The State argued that it had not intended to use that report at trial, but its use had been made necessary by the cross-examination of the witness. The trial court, without conducting any hearing as required by Richardson v. State, 246 So.2d 771 (Fla. 1971) summarily ruled that there had been no discovery violation because "[d]iscovery rules apply to statements the state intends to use at trial."
Just as a defendant is entitled to the names of all persons known by the State who have information pertaining to the charge, and not just those persons the State intends to call as witnesses at the trial, Wortman v. State, 472 So.2d 762 (Fla. 5th DCA 1985), so is a defendant entitled to a disclosure of all statements made by him, not just those the State intends to use at trial. Rule 3.220(a)(1)(iii) requires the prosecution to disclose, upon demand,
[a]ny written or recorded statements and the substance of any oral statements made by the accused, including a copy of any statements contained in police reports or report summaries, together with the name and address of each witness to the statements.
The rule does not contain the limitation suggested by the State. By not furnishing the report containing the later statements, the State violated the rule.
Once it is apparent that the State has committed a violation of the discovery rule, the trial court has the discretion to determine whether the non-compliance would result in harm or prejudice to the defendant, but the court's discretion can be properly exercised only after the court has made an adequate inquiry into all of the surrounding circumstances. Such an inquiry should at least cover the questions of whether the violation was inadvertent or willful, whether the violation is trivial or substantial, and what effect, if any, the violation had upon the ability of the other party to prepare for trial. Richardson, 246 So.2d at 775. Without such inquiry the harmless error doctrine cannot be applied. McDonnough v. State, 402 So.2d 1233 (Fla. 5th DCA 1981). As the Florida supreme court noted in Cumbie v. State, 345 So.2d 1061 (Fla. 1977):
It is clear that the trial court's investigation of the question of prejudice was not the full inquiry Richardson requires. No appellate court can be certain that errors of this type are harmless. A review of the cold record is not an adequate substitute for a trial judge's determined inquiry into all aspects of the state's breach of the rules, as Richardson indicates. Especially is this so in cases such as this, where a false response is given to a request for discovery. The mere fact that alleged statements are attributed to the petitioner cannot relieve the state of its duty to disclose; that is precisely the situation contemplated by Rule 3.220(a)(1)(iii).
Id. at 1062. The failure of the trial court to make the necessary Richardson inquiry requires reversal for a new trial.
Since the case must be retried, one additional point requires discussion. The appellant contends that the trial court abused its discretion by unreasonably limiting closing argument in this murder trial to 30 minutes per side, thus, he says, depriving him of his constitutional right to due process and to a fair trial. The trial consumed four days. The transcript of the testimony consists of almost 750 pages of the record, and the entire trial transcript *1274 runs close to 900 pages. This was a bitterly fought trial, full of acrimony between the prosecutor and defense counsel, and replete with verbal altercations between the defense counsel and the trial judge. We can well understand the exasperation of the trial judge in having to cope with the repetitious, confusing and often irrelevant examination and cross-examination of witnesses by defense counsel, interspersed with constant motions for mistrial and recusal, and other obstructive trial tactics of this lawyer, but despite this, the trial judge must ensure that the defendant receives a fair trial, and then deal with the lawyer separately.[1]
In several recent cases, we have disapproved severe limitation of closing argument in criminal cases.[2] Other district courts have done the same.[3] In the case before us, the defense counsel requested one hour for closing argument. Because the prosecutor asserted that 30 minutes should be enough, the court restricted argument to that time, and announced in advance that he would not even hear or consider a motion to extend the time if, as the deadline approached, defense counsel was not finished and thought some more time was required. Defense counsel was cut off when his time had run. We fail to see how a few minutes longer of closing argument would have impeded the administration of justice in this case. In May v. State, 89 Fla. 78, 103 So. 115 (1925), the Florida supreme court held that although no hard and fast rule could be prescribed, if it appeared that time for argument was unreasonably limited, such action would constitute an abuse of discretion requiring the reversal of a judgment for a new trial. In Herring v. New York, 422 U.S. 853, 859, 95 S.Ct. 2550, 2553, 45 L.Ed.2d 593, 598 (1975) the United States Supreme Court said:
There can be no doubt that closing argument for the defense is a basic element of the adversary factfinding process in a criminal trial. Accordingly, it has universally been held that counsel for the defense has a right to make a closing summation to the jury, no matter how strong the case for the prosecution may appear to the presiding judge.
The cases which have reversed judgments because of unreasonable restriction of closing argument are indicative of the concern that in a criminal case, considerable leeway must be given to defense counsel in arguing his case to the jury. The court should not unduly restrict this argument even where the State's case is strong and the court believes the defense has very little about which to argue. Foster v. State, 464 So.2d 1214 (Fla. 3d DCA 1984). It is for the jury, not the trial judge, to determine the strength or weakness of the State's case and of the proffered defense. Herring v. New York, supra. Arbitrarily limiting a defendant's closing argument to 30 minutes in a murder trial which has been going on for four days, no matter how vexing the lawyer's behavior has been, seems to us to be an unreasonable restriction of the defendant's right to present his case to the jury.
We have carefully examined each of defendant's remaining issues on appeal and find no merit in them. The judgment of *1275 conviction is reversed and the case is remanded for a new trial.
REVERSED and REMANDED.
COBB, C.J., and SHARP, J., concur.
NOTES
[1] After the case was submitted to the jury, the trial judge cited the defense lawyer for direct criminal contempt. Defendant's trial counsel is not the same lawyer who now represents the defendant on appeal.
[2] Neal v. State, 451 So.2d 1058 (Fla. 5th DCA 1984) (25 minute time limit in a first degree murder case); Stanley v. State, 453 So.2d 530 (Fla. 5th DCA 1984) (10 minutes on a charge of burglary and grand theft); Rodriguez v. State, 472 So.2d 1294 (Fla. 5th DCA 1985) (15 minute time limit in a burglary case); and most recently, Cain v. State, 481 So.2d 546 (Fla. 5th DCA 1986) (15 minutes in a case involving violations of drug laws, where we noted that "there are no `cost savings' in insisting on this kind of courtroom efficiency").
[3] Pittman v. State, 440 So.2d 657 (Fla. 1st DCA 1983) (30 minutes on a charge of resisting arrest with violence); Foster v. State, 464 So.2d 1214 (Fla. 3d DCA 1985) (15 minutes on a charge of armed robbery). The same rationale has recently been applied in a civil case. Woodham v. Roy, et al., 471 So.2d 132 (Fla. 4th DCA 1985).