## KASZUWARA v STATE OF FLORIDA
### Case No. 87-056 AC
Eleventh Judicial Circuit, Dade County
September 7, 1990

### APPEARANCES OF COUNSEL

**Beth C. Weitzner, Esquire,** for appellant.

**Yvette Rhodes Prescott, Esquire,** for appellee.

Before HENDERSON, ESQUIROZ, GERSTEIN, JJ.

### OPINION OF THE COURT

PER CURIAM.

This is an appeal from a final judgment of conviction and sentence for the crime of driving under the influence of alcoholic beverages pursuant to Section 316.193, *Florida Statutes* (1985).

The sole point on appeal is whether the trial court abused its discretion in limiting the defense counsel's final argument to the jury to seventeen minutes.

Final summation to the jury is an essential component of the Sixth Amendment, right to trial by jury.

In *Herring v New York,* 422 U.S. 853, 858 *1975), the Supreme Court observed:

> There can be no doubt that closing argument for the defense is a basic element of the adversary factfinding process in a criminal trial. Accordingly, it has universally been held that counsel for the defense has a right to make a closing summation to the jury, no matter how strong the case for the prosecution may appear to the presiding judge.

In *Foster v State,* 464 So.2d 1215 (Fla. 3d DCA 1984), the Court in reversing the trial court for limiting defense counsel's final argument declared that:

> Running through all of these cases is the court's concerns that where human liberty is at stake, as in a criminal case, considerable leeway must be given to defense counsel in arguing his case to the jury . . . wide latitude must be given counsel in arguing his case to the jury . . .

For the foregoing reasons, this cause is reversed and remanded for a new trial.