DOWNEY, Judge.
Appellant, Stanford Lamar, was convicted by a jury of robbery and sentenced as an habitual offender to thirty years’ imprisonment. Lamar appeals the conviction, contending that the trial court erred in denying him the closing argument at trial, in denying him adequate time to argue his case to the jury, and in denying his motion for a new trial, which demonstrated that a juror had lied during voir dire examination by denying any previous arrest record or acquaintance with court personnel. We believe error is apparent from the record requiring reversal of the conviction.
Lamar’s first appellate point has to do with the denial of closing argument. At trial Lamar did not take the stand nor did he offer any other witnesses. When his counsel proposed to make the closing argument after the state had concluded, the court refused. Lamar claims he was entitled to close, having offered no testimony in defense. The state disagrees, contending that the defendant is not entitled to close unless he takes the stand himself. We reject the state’s argument as a misconstruction of Florida Rule of Criminal Procedure 3.250, which provides:
In all criminal prosecutions the accused may at his option be sworn as a witness in his own behalf, and shall in such case be subject to examination as other witnesses, but no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf, and a defendant offering no testimony in his own behalf, except his own, shall be entitled to the concluding argument before the jury.
The final phrase of said rule gives the defendant in a criminal case the right to closing argument unless he offers witnesses other than himself. Stated differently, the defendant is entitled to close the argument if he offers no witnesses, or if he offers simply himself as a witness, but not if he offers someone other than or in addition to himself. See Terwilliger v. State, 535 So.2d 346 (Fla. 1st DCA 1988). We thus conclude that Lamar is entitled to a new trial.
We mention two other problems raised by Lamar, since the case is to be retried.
It appears that the trial of the case took only about two hours. The defense had two defensive theories: one, mistaken identification, and the other, that this was a mere theft and not a robbery. The latter defense had some arguable support provided by a store videotape of the criminal episode. Defense counsel was stopped during her opening argument by the court’s admonition that she had used all her time. Then, when she arose to make her closing argument, the court advised her she had used all her time on opening. The record supports counsel’s contention that she was never advised that she had only fifteen minutes total for argument. We *773 recognize that the trial judge has a broad discretion in controlling trial proceedings, but an unreasonable limitation on the time allowed for argument is an abuse of that discretion. Judge Hubbart’s discussion of the question in Foster v. State, 464 So.2d 1214 (Fla. 3d DCA 1985), concludes with the statement that ordinarily arguments restricted to thirty minutes or less are considered suspect.
This was certainly not “a federal case.” Nevertheless, it was surely of some consequence to Lamar as it generated a thirty-year consignment to the state penitentiary. Therefore, we feel the time constraint imposed on defense counsel’s argument was an abuse of discretion, aggravated by the fact that the time constraint was not made known to defense counsel prior to the commencement of argument.
Finally, we believe the court failed to properly consider the clearly demonstrated misconduct of the juror who lied during voir dire about her arrest record. Furthermore, she lied also by not disclosing the coincidental fact that, during her prior felony conviction, she was represented by Lamar’s present defense counsel, the same assistant public defender. With this knowledge at hand, the court should have allowed Lamar the opportunity that he sought to demonstrate prejudice.
All in all, Lamar should have a new trial. Accordingly, the judgment appealed from is reversed.
GUNTHER and POLEN, JJ„ concur.