585 So.2d 1092 (1991)
Andrew ADAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-694.
District Court of Appeal of Florida, Third District.
September 10, 1991.
*1093 Bennett H. Brummer, Public Defender, and Valerie Jonas, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellee.
Before NESBITT, COPE and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, Andrew Adams, appeals his conviction and sentence for sale of cocaine near school property. We reverse.
Appellant asserts that the trial court unduly restricted closing argument to fifteen minutes. Additionally, appellant asserts that the prosecutor, in closing, without any evidentiary basis, made irrelevant and inflammatory reference to appellant's commission of other drug offenses.
Appellee, State, contends that the trial court properly exercised its discretion by limiting closing argument to fifteen minutes. State also contends that the prosecutor made a permissible reference on evidence.
The crystallized and singular defense in this case was mistaken identity in an undercover drug transaction. Because appellant was arrested several blocks away from the transaction, on a crowded weekend, by a police officer not involved in the transaction; and, because appellant had neither drugs nor the marked currency in his possession; and, because appellant's conduct before and after his arrest was consistent with innocence, appellant's counsel had a plethora of arguments to present to the jury (let alone the routine discussion of jury instructions).
At the conclusion of evidence the trial court asked:

The Court: How much time for closing argument?

Prosecutor: Thirty.

The Court: You get thirty. They each get fifteen minutes a piece.

Defense: What do you mean?

The Court: She'll get fifteen minutes per defendant. You all get fifteen.

Defense: We need more. We have two closings, and we need more. If the State wants to take more time, we wouldn't object.

Prosecutor: I would.

The Court: You have fifteen minutes per defendant. That's what you have. This is not an extensive case. It's a very simple case.

Defense: The State doesn't get more because there's two of us.

The Court: They have to talk about two people.

Defense: Defense A needs more than fifteen minutes to close. We need more than that.
The trial court, perhaps in a moment of presumptuous perspicacity, furnished by the Fates, stated:

The Court: May the gods be about you on appeal, but you're getting fifteen minutes apiece, and that's that ...
Appellant objected to the time limitation and stated:

Defense: Judge, in light of the fact that you're limiting closing, I'm going to need a moment to confer with my co-counsel because we had planned on more then fifteen minutes time.
In the State's closing, the prosecutor told the jury that, "mistaken identity ... is the issue in this case, let there be no mistake as to that." The prosecutor, cognizant of this central issue, attempted to bolster identification by telling the jury that the undercover officer had previously seen appellant. There was, however, no evidentiary basis for the prosecutor's statement of:

Prosecutor: ... There's a transaction. He sees defendant Adams. He recognizes him. Yes he recognizes him. And why does he recognize him? Because Detective King is a narcotics officer on the beach. He's all over the place. He's made buys he's made sales. He sees lots of people 
The defense objected:

Defense: I object. State is implying 

The Court: Overruled.
*1094 Although there is no bright shining rule that dictates the exact amount of time a criminal defendant is given for closing argument, cases are abundantly clear that a trial court abuses its discretion by imposing arbitrary time limitations on a criminal defendant's closing argument. Stockton v. State, 544 So.2d 1006 (Fla. 1989); Cooper v. State, 106 Fla. 254, 143 So. 217 (1932); May v. State, 89 Fla. 78, 103 So. 115 (1925); Stanley v. State, 453 So.2d 530 (Fla. 5th DCA 1984); Neal v. State, 451 So.2d 1058 (Fla. 5th DCA 1984); Pittman v. State, 440 So.2d 657 (Fla. 1st DCA 1983); Rodriguez v. State, 472 So.2d 1294 (Fla. 5th DCA 1985); Cain v. State, 481 So.2d 546 (Fla. 5th DCA 1986); Joseph v. State, 479 So.2d 870 (Fla. 5th DCA 1985).
Even without a bright shining rule to reveal the precise number of minutes to be allotted for closing, the cases consistently hold that closings less than thirty minutes are suspect. Foster v. State, 464 So.2d 1214 (Fla. 3d DCA 1985).
It is impermissible for a prosecuting attorney to comment on matters outside the evidence and not naturally inferable therefrom. Huff v. State, 437 So.2d 1087 (Fla. 1983); Johnson v. State, 88 Fla. 461, 102 So. 549 (1924); Tyson v. State, 87 Fla. 392, 100 So. 254 (1924); Restrepo v. State, 552 So.2d 1126 (Fla. 3d DCA 1989); Duque v. State, 460 So.2d 416 (Fla. 3d DCA 1984), review denied, 467 So.2d 1000 (Fla. 1985); Williamson v. State, 459 So.2d 1125 (Fla. 3d DCA 1984); Williams v. State, 548 So.2d 898 (Fla. 4th DCA 1989); Libertucci v. State, 395 So.2d 1223 (Fla. 3d DCA 1981); Mulford v. State, 416 So.2d 1199 (Fla. 4th DCA 1982); Richardson v. State, 335 So.2d 835 (Fla. 4th DCA 1976).
The prosecutor's comments during closing were not only outside the evidence, but also inflammatory. Appellant timely objected to the prosecutor's comments. However, the trial court overruled the objection.
In Edwards v. State, the court stated: When it is made to appear that a prosecuting attorney's argument to the jury consists of an appeal to prejudice or sympathy calculated to unduly influence a trial jury, the trial judge should not only sustain an objection at the time to such improper conduct when objection is offered, but should so affirmatively rebuke the offending prosecuting officer as to impress upon the jury the gross impropriety of being influenced by improper arguments.
Edwards v. State, 428 So.2d 357 (Fla. 3d DCA 1983)
In this case, with the myriad of arguments which necessarily flow from this two day trial, fifteen minutes for closing was simply not enough and deprived appellant of a fair trial.
[W]here human liberty is at stake, as in a criminal case, considerable leeway must be given to defense counsel in arguing his case to the jury.
Foster v. State, 464 So.2d at 1215. We recognize and adhere to the principles in Foster and its opinion on motion for clarification. See Foster v. State, 464 So.2d at 1217.
Additionally, the prosecutor's attempt to bolster identification went beyond the evidence and only served to inflame the jury. Such a comment is intolerable and anathema to the constitutionally guaranteed words and spirit of a fair trial.
Reversed and remanded for a new trial.