643 So.2d 82 (1994)
Miguel MUNEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-149.
District Court of Appeal of Florida, Third District.
October 5, 1994.
Bennett H. Brummer, Public Defender, and Valerie Jonas, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Stephanie G. Kolman and Paulette Taylor, Asst. Attys. Gen., for appellee.
Before BARKDULL, BASKIN and GODERICH, JJ.
PER CURIAM.
Defendant appeals his aggravated battery conviction and sentence. We reverse and remand for a new trial.
Defendant was arrested and charged with aggravated battery following an incident at a halfway house. At trial, the victim, who was the house manager, testified that defendant, a resident, attacked him with a knife. Defendant testified that he acted in self defense. At the two-day trial, five witnesses, including the victim and defendant, testified. Defense counsel requested forty-five minutes for closing argument. The trial court denied the request and restricted counsel to twenty minutes for closing arguments. The judge interrupted counsel's argument during the initial and final closing arguments to tell him how much time was left and that his time was up. The jury found defendant guilty as charged.
We hold that the trial court unreasonably limited defense counsel's closing argument under the facts and circumstances of this case. Stockton v. State, 544 So.2d 1006 (Fla. 1989); Adams v. State, 585 So.2d 1092 (Fla. 3d DCA 1991); Foster v. State, 464 So.2d 1214 (Fla. 3d DCA 1984). "A court should not unduly restrict defense counsel's argument even when the state's case is strong and the court believes the defense has very little to argue." Stockton, 544 So.2d at 1009. Defendant is entitled to a fair opportunity to persuade the jury of his position. Foster, 464 So.2d at 1216-1217. Here, as in Foster, the record reveals that the trial court restricted *83 counsel's time for argument because it did not believe that defense counsel could say very much about this case. The trial judge stated: "Look, I have been practicing criminal law for twenty-eight years. The issue is self-defense. That's the only issue. How much time do you need? Basically, you make them accept it or not." [T. 160]. This is an insufficient basis for restricting defense counsel's argument. Adams, 585 So.2d at 1093 (conviction reversed where judge stated: "This is not an extensive case. It's a very simple case," and permitted only fifteen minutes for closing argument.). "[I]t was for the jury, not the trial judge, to determine the strength or weakness of the proffered defense." Foster, 464 So.2d at 1216. Here, the trial lasted two days, during which five witnesses testified, the testimony was conflicting regarding the circumstances surrounding the confrontation, and defendant was charged with a serious felony punishable by an extensive sentence.[1] Therefore, we reverse the conviction and sentence and remand the cause for a new trial.
Reversed and remanded.
NOTES
[1] The state filed a notice of intent to seek a habitual offender sentence prior to trial. Defendant was sentenced to 30 years in prison; the court suspended a portion of the sentence. See Lamar v. State, 583 So.2d 771 (Fla. 4th DCA 1991); Foster, 464 So.2d at 1216.