W. SHARP, J.,
dissenting.
I respectfully disagree and would reverse for a new trial.
Although defense counsel initially said he did not think he would take much longer than 15 minutes for his closing argument, it is clear he did not think that at the close of 15 minutes he would be cut off with the court’s “[l]et’s wrap it up, please.” Defense continued, but was again interrupted by the court with “All right. Thank you.” When defense requested a few additional minutes to conclude what he believed was an important point, the court gave him 2 additional minutes. Subsequently, after the jury was instructed, the judge asked if counsel had any objections to the instructions. Defense responded no, but stated:
I do have to place an objection. I was under the impression whatever time limit is something we’re supposed to strive for. I didn’t realize it was a strict time limit. I don’t believe the case law holds me to the time limit.
The judge responded that he believed they had agreed on 15 minutes, and that defense had actually had 19 minutes.
The limitation of time for argument in criminal prosecutions is proper, within reasonable bounds, and rests in the sound discretion of the trial judge. May v. State, 89 Fla. 78, 103 So. 115 (1925); Foster v. State, 464 So.2d 1214 (Fla. 3d DCA 1985). However, the refusal to grant counsel reasonable time for argument is an abuse of discretion. Arbitrarily limiting a defendant’s closing argument is an unreasonable restriction of the defendant’s right to present his- case to the jury. Hickey v. State, 484 So.2d 1271 (Fla. 5th DCA 1986).
*703 In this case, I think interrupting the defense presentation after 15 minutes and cutting him off after a few additional minutes, but before he had concluded his point, was unreasonable and arbitrary. In Cain v. State, 481 So.2d 546 (Fla. 5th DCA 1986), we held that it was reversible error to limit cross examination to 15 minutes. See also, Rodriguez v. State, 472 So.2d 1294 (Fla. 5th DCA 1985); Adams v. State, 585 So.2d 1092 (Fla. 3d DCA. 1991); Joseph v. State, 479 So.2d 870 (Fla. 5th DCA 1985)(limiting argument to 10 minutes, with 2 additional minutes for state); Stanley v. State, 453 So.2d 530 (Fla. 5th DCA 1984)(limiting closing argument to 10 minutes); and Neal v. State, 451 So.2d 1058 (Fla. 5th DCA 1984)(limiting closing argument to 25 minutes where defendant faced minimum 25 year prison term and there was sharp disagreement on an issue).
In this case, there is a similarly unreasonable and arbitrary cut-off of closing argument, albeit of a slightly different nature. See May; Hickey. In other cases, there was no “agreement” to the closing argument limitation, while here there was an agreement in principle. However, defense counsel stated he believed the limitation was not a strict limitation, but rather something to strive for. Defense did not anticipate he would be cut off virtually in mid-stream, and the trial judge did not advise him of this fact. The court’s actions prohibited defense from concluding an important point in defendant’s case, and he was therefore unable to properly present the ease to the jury. May. This is reversible error. May.